Dennis MARLOW and Provest, Incorporated, formerly known as Dennis Marlow, Incorporated, Plaintiffs–Appellants, Cross–Appellees,

v.

WINSTON & STRAWN, a partnership, and Leslie A. Blau, Defendants–Appellees, Cross–Appellants.

Nos. 93–1475, 93–1579.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1993.

Decided March 14, 1994.

Robert E. Gordon (argued), Gordon & Gordon; Ronald A. Schy (argued), Beigel, Schy, Lasky, Cohen, Rifkind & Hennessey, Chicago, IL, and Jeffrey B. Cohen, Cohen & Associates, Denver, CO, for Dennis Marlow, Plaintiff.

Robert E. Gordon (argued), Gordon & Gordon, Chicago, IL, and Jeffrey B. Cohen, Cohen & Associates, Denver, CO, for Provest, Inc., plaintiff.

Michael A. Stick (argued), Gerald G. Saltarelli, R. Douglass Bond, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, Stephen W. Siefert, and Caroline C. Fuller, Fairfield &

Woods, Denver, CO, for Winston & Strawn and Leslie A. Blau, defendants.

Before COFFEY and MANION, Circuit Judges, and SKINNER, District Judge.*

MANION, Circuit Judge.

Dennis Marlow and Provest, Inc. challenge an order of the district court which granted Marlow's motion for voluntary nonsuit in part, but *sua sponte* converted it into a dismissal with prejudice. The court did not offer Marlow the opportunity to elect between taking the dismissal (which could have full res judicata effect upon a simultaneous, although stayed, state court proceeding) or proceeding to trial on the merits. We conclude that the dismissal bypasses the district court's obligations under Fed.R.Civ.P. 41(a)(2) to offer plaintiffs a choice between taking the dismissal, subject to the court's terms and conditions, or proceeding to trial. For the following reasons, we reverse.

### I.

*A. Facts*

Dennis Marlow was a commodities trader and a principal of Provest Inc. ("Provest"). In March of 1988, the National Futures Association (NFA) filed a nine-count administrative complaint against Marlow and Provest, charging that they had distributed misleading and deceptive promotional literature to commodity futures customers. At the same time, the NFA ordered Marlow to submit any and all promotional literature intended for the general public to the NFA within two weeks after distribution to his clients. In April of 1988, Marlow retained Leslie Blau, a partner at Winston and Strawn, to represent him in the administrative proceedings, to advise him how best to comply with the NFA's directives, and to handle the transmission of Marlow's literature to the NFA. In September of 1988, the NFA issued a second directive, supplanting its previous one, in which it required Marlow and Provest to submit all promotional literature to the NFA for review fourteen days *before* its distribution to clients. Finally, in November of 1988, the NFA, believing that Marlow had violated the September 1988 directive, modified that directive and forbade Marlow from using any promotional literature or soliciting any new accounts. Without the ability to solicit new accounts, Provest was eventually forced into bankruptcy; Marlow, for all practical purposes, is now insolvent.

*B. District Court Proceedings*

On September 28, 1990, Marlow and Provest (who from now on we shall refer to collectively as "Marlow") commenced this action for legal malpractice against Winston and Strawn and attorney Blau ("defendants") in the United States District Court for the Northern District of Illinois. In his one-count complaint, Marlow alleged that defendants rendered negligent advice concerning Marlow's use of promotional literature during the pendency of the NFA's various directives. Marlow contended that defendants' negligence led to the NFA's fines and eventual prohibition of soliciting new accounts, all of which resulted in lost business opportunities, salary and income, as well as damage to Marlow's reputation. Two months later, on November 14, 1990, the original district judge in this case, Judge Bua, dismissed Marlow's complaint for failure to prosecute after Marlow failed to appear for a status hearing. The case lay dormant until six months later when the district court vacated its dismissal and reinstated the case on May 2, 1991. On May 16, 1991, the case was reassigned to Judge Conlon. Following reinstatement and reassignment, the defendants filed their answer and counterclaim on June 5, 1991.

On October 16, 1991, the district court ordered that discovery be closed by November 29, 1991, and that the parties file their final pre-trial order by December 24, 1991. The case was then placed on the court's January 1992 trial calendar. After the discovery deadline had passed, defendants filed their motion for summary judgment, contending that since Marlow had failed to allege or establish non-economic losses, defendants were entitled to judgment as a matter of law. In support of their motion, defen-

---

* Hon. Walter Jay Skinner, Judge for the District of    Massachusetts, is sitting by designation.

dants relied exclusively upon the most recent pronouncement of the Illinois supreme court in *Collins v. Reynard,* No. 70325, 1991 WL 220561, 1991 Ill. LEXIS 104 (Ill., October 31, 1991) ("*Collins I* "), which held that claims of legal malpractice under a tort theory of negligence could survive dismissal only if they alleged non-economic damages, that is, pain and suffering, emotional distress, loss of consortium, or loss of reputation; otherwise, they would have to be pleaded as actions for breach of contract. On December 3, 1991, Marlow filed a motion for leave to amend his original complaint and add an additional count for breach of contract. That same day the district court denied Marlow's motion as untimely because Marlow had not shown good cause for amending his complaint after discovery had closed and only one month before trial. Also on that same day, the court, in light of defendants' summary judgment motion, vacated its original pre-trial order deadline of December 24, 1991, and gave Marlow until that date to file his response to defendants' motion for summary judgment.

Apparently concerned that his one-count complaint for legal malpractice was legally insufficient under then-controlling Illinois law, Marlow, on December 18, 1991, filed his first motion to voluntarily dismiss his complaint without prejudice in order to pursue his claim in state court. On December 24, 1991, he filed his response to defendants' motion for summary judgment, and that same day filed a two-count complaint against defendants in the Circuit Court of Cook County, alleging negligence and breach of contract. Defendants objected to Marlow's motion for dismissal, and, in the alternative, asked the district court to order Marlow to pay all of defendants' costs and attorneys' fees incurred thus far as a condition for dismissing Marlow's complaint without prejudice. Defendants also filed a motion to dismiss the state court action, which the state court stayed pending disposition of the district court.

While these various motions were pending, the Illinois Supreme Court, on February 3, 1992, agreed to reconsider its decision in *Collins I.* On February 11, 1992, the district court issued its Memorandum Opinion And Order, in which it granted summary judgment for defendants because plaintiffs could not satisfy *Collins I* 's "economic injury" doctrine. *See Marlow v. Winston & Strawn,* No. 90 C 5715, 1992 WL 56687, 1992 U.S. Dist. LEXIS 1640 (N.D.Ill., Feb. 11, 1992). The next day the court denied Marlow's motion to voluntarily dismiss as moot. On February 19, 1992, Marlow filed a motion to stay further actions by the district court, pending the Illinois Supreme Court's decision on reconsideration of *Collins I.* That same day the district court denied Marlow's motion to stay as moot.

Marlow appealed the district court's grant of summary judgment. During the pendency of this appeal, the Illinois Supreme Court, after reconsideration, reversed its decision in *Collins I,* and held that plaintiffs in legal malpractice actions may seek recovery in tort even if they only allege damages for economic injuries. *Collins v. Reynard,* 154 Ill.2d 48, 180 Ill.Dec. 672, 607 N.E.2d 1185 (1992) ("*Collins II* "). Due to this intervening change of Illinois law, this court, in a three-page, unpublished opinion, reversed the district court's grant of summary judgment and remanded so that the district judge could reconsider her decision in light of *Collins II. Marlow v. Winston & Strawn,* 983 F.2d 1072 (7th Cir.1993).

Following remand, the district judge directed the parties to file their final pretrial order by January 27, 1993, and placed the case on her February 1993 trial calendar. Instead of filing a pre-trial order, Marlow, on January 15, 1993, filed a second motion for voluntary dismissal without prejudice and without costs. On January 20, 1993, defendants filed a memorandum in opposition to this second motion for dismissal, in which they requested that the motion be denied, or in the alternative, that the court impose costs and attorneys' fees as a condition to dismissing without prejudice. Nowhere in their memorandum did the defendants request that the motion be granted with prejudice. The following day, January 21, the district judge, without setting the motion for hearing, entered a two-sentence order in which she granted Marlow's motion in part and dis-

missed the case with prejudice and without costs. It is unclear from this summary disposition whether the court considered defendants' opposing memorandum in reaching its decision. Two things, however, are crystal clear: defendants did not request that Marlow's case be dismissed with prejudice, and Marlow was never given an opportunity to choose between taking a dismissal with prejudice or going to trial.

On January 28, 1993, Marlow moved the district court to reconsider its order dismissing Marlow's case with prejudice or, in the alternative, for the district court to allow him to withdraw the motion for voluntary dismissal. The district court denied this motion on February 18, 1993. In its accompanying order the district court shed light on its previous order dismissing the case with prejudice. The court first stated that a dismissal with prejudice is a permissible "term and condition" of dismissal under Fed.R.Civ.P. 41(a)(2). *Marlow v. Winston & Strawn,* No. 90 C 5715 at 3, 1993 WL 45957 (N.D.Ill., Feb. 18, 1993). Moving on to why it chose a dismissal with prejudice as compared to other permissible terms and conditions, the court stated that Marlow's tactics in filing his motion to dismiss and at the same time filing an identical claim in state court demonstrated not only "bad faith," *id.* at 5, but also "a conscious, calculated, and impermissible decision to shop for a more favorable forum." *Id.* at 4. The court further noted the time, effort, and expense defendants had already incurred in preparing this case for trial in the federal court, and concluded that defendants would suffer additional prejudice if Marlow were allowed to take a voluntary dismissal in federal court, without prejudice, and transfer his case to the Illinois state court. Perhaps the most telling reason for the court's willingness to summarily dispose of this case in the way that it did, however, is the observation, although relegated to a footnote, that "this latest motion for voluntary dismissal comes nearly one year after the court expressed, in its opinion granting summary

judgment (now vacated), that the merits of plaintiffs' legal malpractice claim were frivolous." *Id.* at 4 n. 1. Marlow appeals the court's decision to dismiss his complaint with prejudice.[1] Defendants cross-appeal and request that in the event we reverse the district court's dismissal, we should also direct the district court to award defendants $60,-000 in attorneys' fees they have incurred so far in defending this action.

## II.

Rule 41(a) "preserve[s] the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall–Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir.1985). To further this purpose, Rule 41(a)(2) provides that, after a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss his case without prejudice, but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). The language of the Rule makes it clear that a court order is a prerequisite to dismissal at this point, and further provides that dismissal may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice. *See Moser v. Universal Engineering Corp.,* 11 F.3d 720, 723 (7th Cir. 1993); *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees. *See* 5 Moore's Federal Practice ¶ 41.06 at 41–82 to 41–86 (1993). As we have previously observed, such terms and conditions "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *McCall,* 777 F.2d at 1184.

---

1. Marlow also claims the district court erred in denying his motion to reconsider the dismissal with prejudice. This seems to us a superfluous challenge insofar as the real relief Marlow is seeking is an appellate reversal of the dismissal, not a district court reconsideration of its dismissal. Given our reversal of the district court's order dismissing Marlow's case with prejudice, we need not address this "second" challenge.

In its order denying Marlow's motion to reconsider, the district court stated that it imposed dismissal *with prejudice* as a term and condition of dismissal under Rule 41(a)(2). *See Marlow v. Winston & Strawn*, No. 90 C 5715 at 3, 1993 WL 45957 (N.D.Ill., Feb. 18, 1993). This court has previously held in *Ratkovich v. Smith Kline*, 951 F.2d 155 (7th Cir.1991) that, under certain circumstances, dismissal with prejudice is a permissible term and condition of dismissal under Rule 41(a)(2). Not surprisingly, the parties devote the bulk of their briefs arguing whether or not the circumstances in this case warranted the district court imposing dismissal with prejudice as its term and condition of dismissal. But that is not the issue before us. The issue before us is whether Rule 41(a)(2) is violated when a plaintiff moves to dismiss his complaint without prejudice, but the district court, on its own initiative, grants the motion with prejudice, without giving plaintiff the opportunity to withdraw his motion and proceed to trial.

■ It only makes sense that a plaintiff seeking a "voluntary" dismissal is not required to accept whatever conditions the court may impose as a prerequisite for dismissal. Although this circuit has not had the opportunity to address this issue at any length,[2] other circuits have made it clear that the "terms and conditions" clause of Rule 41(a)(2) grants plaintiff the option of withdrawing his motion if the district court's conditions are too onerous, and proceeding instead to trial on the merits. *See, e.g., Gravatt v. Columbia Univ.*, 845 F.2d 54 (2d Cir.1988); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986); *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930 (9th Cir.1986); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C.Cir.1981); *see also* 5 Moore's ¶ 41.06 at 41–89 to 41–90; 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2366, p. 183 (1971). For instance, in *Lau*, the plaintiff motioned to voluntarily dismiss her complaint without prejudice in order to refile the same action in state court. The district court granted the motion, but assessed an award of

attorneys' fees payable to the defendant as a term or condition of dismissal without expressly offering plaintiff the option of refusing to pay, withdrawing her motion, and proceeding to litigate her claim in the federal court. On appeal, the Ninth Circuit vacated the district court's judgment, and remanded to the district court for a new ruling on plaintiff's motion. In particular, the Ninth Circuit ordered the district court to "provide [plaintiff] a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions." *Lau*, 792 F.2d at 931.

The D.C. Circuit's decision in *GAF*, quoted by *Lau*, 792 F.2d at 930–31, contains language which, although *dicta* in light of the circumstances of that case, is nevertheless instructive. Plaintiff GAF moved for a voluntary dismissal without prejudice which the district court initially granted without conditions. Following the order of dismissal, and upon defendant's motion, the district court modified its earlier order and imposed an award of attorneys' fees as a condition of dismissal. The D.C. Circuit affirmed the award of fees, finding this after-the-fact condition of dismissal did not prejudice GAF, as it was unlikely under the circumstances that GAF would have withdrawn its motion and proceeded to trial. *GAF*, 665 F.2d at 368. What is relevant, however, for our purposes is the D.C. Circuit's general observation that, under Rule 41(a)(2), "a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *GAF*, 665 F.2d at 367–68.

So far we have examined cases requiring the payment of defendant's attorneys' fees as a term or condition of voluntary dismissal without prejudice. This brings us to the more extreme "condition" of dismissal first examined by the Fourth Circuit in *Andes*.

---

**2.** In *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885 (7th Cir.1972), this court, in *dicta*, stated that a plaintiff seeking voluntary dismissal under Rule 41(a)(2) "has an option not to dismiss if conditions specified by the court seem to it too onerous." *Id.* at 889.

Plaintiff Andes moved to voluntarily dismiss his complaint without prejudice pursuant to Rule 41(a)(2). Defendants filed a motion in opposition to this motion, requesting that it be denied or, in the alternative, that it be granted with prejudice. On the same day defendants filed their opposition, the district court, without holding a hearing or providing plaintiff an opportunity to respond to defendants' request, entered an order granting plaintiff's motion, but specified that it was with prejudice. On appeal the Fourth Circuit made it clear in no uncertain terms that it strongly disagreed with this method of handling a motion to voluntarily dismiss without prejudice under Rule 41(a)(2):

> It upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose this extreme remedy. The plaintiff here deserved such notice and an opportunity to proceed with the litigation of this case. At the very least, plaintiff deserved an opportunity to respond to defendants' request for dismissal with prejudice.
>
> . . . .
>
> In summary, we conclude that the district court should have afforded plaintiff the opportunity to exercise options that should have been available to it.

*Andes*, 788 F.2d at 1037 (emphasis in original). Accordingly, the Fourth Circuit vacated the district court's order of dismissal and remanded for the court to provide plaintiff an opportunity to respond to defendants' request for dismissal with prejudice. *Id.* at 1038.

Finally, the Second Circuit in *Gravatt* addressed a district court's *sua sponte* imposition of dismissal with prejudice under circumstances virtually identical to the case before us. Gravatt filed his initial complaint in the District Court for the Southern District of New York, and later filed a similar suit in the District Court for the Northern District of Illinois. After unsuccessfully attempting to transfer the New York case, and refusing to cooperate with discovery and motions

deadlines in that case, Gravatt moved to voluntarily dismiss his complaint without prejudice pursuant to Rule 41(a)(2). The district court granted the motion but dismissed it with prejudice, without ever notifying Gravatt of this condition or offering him the opportunity to withdraw his motion and proceed to trial. The court acknowledged that this ran contrary to the rule announced in *Lau* and *GAF*, but concluded that this rule was not the law of the Second Circuit, and was nevertheless inapplicable here due to Gravatt's history of delay during litigation.

The Second Circuit held that the district court's act of converting this motion into a dismissal with prejudice, without providing Gravatt an opportunity to withdraw his motion, was error and reversed. The court did not go so far as other circuits and say that a plaintiff must *always* be given the opportunity to withdraw his motion whenever the district court's conditions for dismissal are considered too onerous. *Gravatt*, 845 F.2d at 56. Instead, the Second Circuit, following the Fourth Circuit in *Andes*, concluded that as a matter of fundamental fairness, a plaintiff who wishes to dismiss his case without prejudice under Rule 41(a)(2) must be given the opportunity to withdraw his motion in the event the district court grants the voluntary dismissal but converts it to one with prejudice. *See id.*

■ We are persuaded by the approach outlined in *Andes* and *Gravatt*. A court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision. This is especially true where, as in the case before us, the proposed condition has the same effect as an adverse judgment on the merits given the preclusive effect of a dismissal with prejudice. Thus we adopt the rule as announced in *Andes* and *Gravatt* that, according to the "terms and conditions" clause of Rule 41(a)(2), a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice.

Turning to the case before us it is clear that the district judge did not afford Marlow such an option. After being presented with Marlow's motion, the district judge took matters into her own hands and unilaterally determined that this case was going to be dismissed with prejudice—a condition of dismissal which, incidentally, was never sought by the defendants—without ever notifying Marlow of her intentions, much less providing him the opportunity to reject this condition and proceed to trial. We can understand the district judge's frustration at what appeared to be a pattern of delay on the part of Marlow. But as we pointed out at oral argument, given the imminent trial date, Marlow's history of delay was about to come to an end. Any last minute delays by Marlow could have been foreclosed simply by denying his motion to dismiss and thus forcing him to go to trial. This would have been a far better resolution than the court's apparent use of Rule 41(a)(2) as a vehicle through which to sanction Marlow for what the court perceived as sanctionable conduct. But as it stands, this method of unilaterally terminating Marlow's case, without affording him the opportunity to withdraw his motion and have his day in court, violated the "terms and conditions" clause of Rule 41(a)(2).

At oral argument defendants alleged that Marlow did in fact have the opportunity to withdraw his motion but simply waited until it was too late. According to defendants, from the moment the district court entered its order of dismissal on January 21, 1993, Marlow had until the court's original final pretrial order date of January 27, 1993 to withdraw his motion and proceed to trial. Instead, Marlow waited until after the pretrial order date had passed and did not move to withdraw his motion until he filed his motion to reconsider on January 28, 1993. Thus, in the words of the defendants, Marlow "backed the district court into a corner" and therefore left the court no other choice but to enter its order of dismissal with prejudice. This is clearly incorrect. We have reviewed the record and have found nothing indicating the district court left open any period of time within which Marlow could withdraw his motion. A review of the district court's docket reveals that once the court entered its order of dismissal the case was terminated. In other words, once the order of dismissal was entered it had the same effect as an adjudication on the merits, which could be altered only by filing a motion to reopen the judgment pursuant to Rule 59, or doing as Marlow did and take an appeal. Therefore, the defendants have failed to demonstrate how Marlow was given any opportunity to withdraw his motion as they so vehemently assert.

The district court's order of dismissal is reversed and remanded for a new ruling on Marlow's motion. On remand the district court may either deny Marlow's motion altogether or, if it determines that dismissal with prejudice is the only acceptable means to protect defendants from further harm, then the district court must provide Marlow a reasonable time within which he can decide between dismissal with prejudice, or trial on the merits. Of course, if Marlow's motion is denied or withdrawn, he would be expected to comply promptly with the district court's trial calendar, or be subject to involuntary dismissal under Rule 41(b) for failure to prosecute.

■ This brings us to defendants' contention on cross-appeal that, in light of our reversal, we should remand and order the district court to condition dismissal on Marlow's payment of $60,000 to defendants in attorneys' fees incurred in defending this action. As a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal. *See Cauley v. Wilson*, 754 F.2d 769, 771, 773 (7th Cir. 1985); *accord Davis*, 819 F.2d at 1276; 5 Moore's, ¶ 41.06 at 41–87. This condition, however, like any other term and condition of dismissal under Rule 41(a)(2), is to be imposed by the *district court* in the exercise of its discretion, not the court of appeals. Therefore, defendants will need to renew their request on remand.

### III. Conclusion

The district court abused its discretion by unilaterally dismissing Marlow's complaint

with prejudice under the auspices of Rule 41(a)(2). Accordingly, the district court's order of dismissal is REVERSED and REMANDED for further proceedings consistent with this opinion. Defendants' cross-appeal requesting the imposition of attorneys' fees as a condition of dismissal can only be imposed by the district court and is therefore DENIED.