**John C. BABCOCK, Plaintiff–Appellant,**

v.

**G. McDANIEL, Defendant–Appellee.**

No. 97–3680.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1998.*

Decided June 29, 1998.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a); Cir. R. 34(f).

Seth M. Lahn (submitted on briefs), Bloomington, IN, for Plaintiff–Appellant.

Judith A. Stewart, Office of the United States Attorney, Indianapolis, MN, for Defendant–Appellee.

Before CUDAHY, COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In this successive appeal, John Babcock appeals from the district court's dismissal of his case pursuant to Federal Rule of Civil Procedure 41(a)(2). We affirm the district court's decision.

■ Babcock, a federal prisoner, sued various prison officials who allegedly violated his First, Fifth, and Eighth Amendment rights by failing to protect him adequately after fellow inmates threatened him with violence. The district court entered summary judgment for the prison officials. We affirmed this decision in large part, but we remanded Babcock's First Amendment claim to the district court for further proceedings. In this count, Babcock alleged that Defendant McDaniel actively prevented an expeditious transfer, which might have afforded greater protection from the threatening inmates, in retaliation for previous grievances and lawsuits brought by Babcock against prison officials. For a more detailed account of Babcock's underlying claims and the disposition of his first appeal, see *Babcock v. White*, 102 F.3d 267 (7th Cir.1996).

Babcock's appointed appellate counsel did not represent Babcock in the proceedings on remand, and Babcock proceeded *pro se*. Defendant McDaniel filed a motion for summary judgment, and as the due date for Babcock's responsive motion grew near, Babcock sent a letter to the district court asking for a dismissal of his case or, in the alternative, for more time to prepare his responsive motion.[1] Babcock sent this letter on June 11, 1997. The district court, on June 30,

---

1. Since Babcock's hand-written letter to the district court is relatively brief, we reproduce the body of the letter in its entirety:

Will you please consider this request to dismiss the above-captioned case under the conditions that I will not be charged any costs, other than the fees I have already paid.

Because of the time that has passed since the actual incident took place I am not able to reach any witnesses who have a clear memory. Additionally, I have been sent to a state facility that is gang free and do not want to travel back into the federal system for a trial.

Even though I honestly believe McDaniel did hinder my transfer from Terre Haute and that eleven months was a nightmare, I believe it's in my, and everyone's, best interest to dismiss the case.

I look forward to your response. If this request is denied will you please allow a 60 day extension of time. There are no federal law books readily available to me. I must request cases and research will be cumbersome and time consuming.

entered an order giving Babcock until July 17 to file his responsive motion. Then, on July 8, the district court dismissed Babcock's case with prejudice and without costs.

Two days later, Babcock secured counsel to represent him. Upon learning of the district court's dismissal order, counsel filed a timely motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The district court denied the motion. Babcock now appeals from both the dismissal order and the denial of his Rule 59 motion.

■ A district court may dismiss an action at the plaintiff's request "upon such terms and conditions as the court deems proper." FED.R.CIV.P. 41(a)(2). Furthermore, the Rule provides that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Id.* When a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion. *See Marlow v. Winston & Strawn,* 19 F.3d 300, 305 (7th Cir.1994). Here, however, the plaintiff's *pro se* letter did not specify whether the plaintiff sought dismissal with prejudice or without prejudice. The district court construed the letter as proposing a dismissal with prejudice if the court agreed to relieve Babcock of any obligation to pay costs. We review the district court's order of dismissal under Rule 41(a)(2) for an abuse of discretion. *See Ratkovich v. Smith Kline,* 951 F.2d 155, 157 (7th Cir. 1991).

Babcock contends that the district court unilaterally converted his dismissal request into a motion for dismissal with prejudice, in violation of *Marlow.* Unlike the motion in *Marlow,* however, which explicitly requested a dismissal without prejudice, Babcock's letter did not speak to the issue of prejudice at all. The district court was therefore required to interpret the letter one way or the other, and our task in reviewing the district court's decision is to determine whether the interpretation adopted by the district court was an abuse of discretion.

The district court acted within its discretion in construing the letter as a request for dismissal with prejudice. The letter explicitly conditioned the dismissal of Babcock's claim on the district court's agreement to waive costs. As we pointed out in *Marlow,* dismissals *without* prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point. *Marlow,* 19 F.3d at 303. Payment of the defendant's costs serves "to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Id.* Under the interpretation asserted by the plaintiff on appeal, Babcock's letter sought both a dismissal without prejudice and relief from costs, an unusual and unrealistic combination. Such relief would have been a boon for Babcock, who would have been relieved from paying the defendant's costs and yet still able to renew his suit against the defendant in the future. The district court did not abuse its discretion when it concluded that it is more plausible to interpret the letter as the typical request for dismissal (with prejudice) in exchange for forgiveness of costs. Although *pro se* litigants may not be expected to understand the finer points of civil procedure, *see, e.g., Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994), the district court cannot be faulted for rejecting an interpretation of the letter that even a *pro se* litigant would recognize as highly unbalanced in favor of the plaintiff. The district court's view of the letter fell within the range of reasonable interpretations, and, accordingly, there was no abuse of discretion.

■ Babcock also contends that the district court abused its discretion in denying his Rule 59 motion. The district court denied the motion because, in its view, "the plaintiff has simply changed his mind concerning his desire to proceed." Babcock argues, to the contrary, that his Rule 59 motion was premised on changed circumstances-namely, his ability to obtain legal representation-that warranted relief from the judgment of dismissal.

Babcock contends on appeal that he requested a dismissal because he was frustrated by the difficulty of proceeding without counsel. According to Babcock, all of the

reasons for dismissal presented in his letter—inability to reach witnesses, unavailability of federal law books, and the fear of being transferred back to the more dangerous federal system—derived directly from his lack of legal representation. These problems dissipated once Babcock obtained representation by counsel. Babcock argues that, because his dismissal request was not an unambiguous, fully considered decision, but instead was premised on his mistaken belief that he would have to proceed *pro se,* the court should have granted his motion to reopen the judgment under Rule 59.

The district court did not abuse its discretion, however, in concluding that the letter itself does not support Babcock's contention that his only concern was lack of legal representation. Although the letter mentions difficulty in accessing legal materials and the "cumbersome and time consuming" nature of legal research, these concerns relate only to Babcock's request for an extension of time. The letter plainly asks the court to dismiss the case, and it requests an extension of time only in the event that the court declines the request to dismiss. Other reasons for dismissal presented in the letter do not depend significantly on Babcock's lack of counsel. For instance, the letter states that the passage of time has dimmed witnesses' recollection of events, which is not a problem that can be cured by legal representation. Furthermore, the letter relates Babcock's desire not to return to the federal prison system, where he continues to believe he would be in danger. Additional proceedings would likely involve Babcock's presence, at least as a witness, even if Babcock were represented by counsel. Given the reasons actually presented in the letter, the district court was within its discretion in concluding that Babcock's dismissal request was not based on his mistaken belief that he could not secure legal representation.

We affirm the judgment of the district court.