In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2636

PEARL CARTER,

*Plaintiff-Appellant,*

*v.*

CITY OF ALTON, MICHAEL MORELLI, and JEFFREY HENDERSON,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Illinois.
Nos. 17-cv-00896; 17-cv-00897— **J. Phil Gilbert**, *Judge.*

ARGUED MARCH 29, 2019 — DECIDED APRIL 30, 2019

Before HAMILTON, BARRETT, and ST. EVE, *Circuit Judges.*

BARRETT, *Circuit Judge.* Pearl Carter moved to voluntarily dismiss the complaint that she had filed against Michael Morelli, Jeffrey Henderson, and the City of Alton. Her motion did not explicitly say that she sought dismissal without prejudice, but it did state that "neither party will be prejudiced by the granting of this Motion." The defendants responded, arguing that the district court should grant Carter's motion—but that it should do so with prejudice. Carter's only reply was to

amend her motion to specify that she sought dismissal without prejudice.

The district court dismissed Carter's complaint with prejudice. Carter filed a motion for reconsideration,[1] requesting one of two remedies: she asked that the court either reinstate her action or enter an order dismissing it without prejudice. The court denied Carter's motion for reconsideration, and she appeals.

Because the defendants had already filed an answer to Carter's complaint, she could only voluntarily dismiss her action if all the parties signed a stipulation of dismissal or if she secured a court order. *See* FED. R. CIV. P. 41(a). Carter acknowledges that she did not file a signed stipulation, so the district court properly construed Carter's motion as one seeking its approval to dismiss her case. Under Rule 41(a)(2), the court had discretion to dismiss the case either with or without prejudice. The court determined that a dismissal with prejudice was proper, and it was within its discretion to do so.

---

[1] Carter did not make clear whether she brought her motion for reconsideration under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The district court was correct to construe it as a Rule 59(e) motion, because we have said that the important question for categorizing these motions is their timing. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis.*, 957 F.2d 515, 517 (7th Cir. 1992) (noting that all substantive motions filed within the relevant time period described by Rule 59(e) fall under that rule regardless of the nomenclature associated with the motion). Rule 59(e) governs motions to reconsider filed within 28 days of a judgment, and Carter filed her motion within that time period. We thus treat Carter's motion as falling under Rule 59(e) and review the district court's legal determinations on the motion de novo. *See Avery v. City of Milwaukee*, 847 F.3d 433, 438 (7th Cir. 2017).

But before the court entered the dismissal order, it should have given Carter an opportunity to withdraw her voluntary dismissal motion. *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) ("When a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion."); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994) ("[A] plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice."). Carter requested just such an opportunity, and the court refused to give it to her. That was error.

We thus VACATE the district court's judgment dismissing Carter's action with prejudice, VACATE the order of costs, and REMAND the case to the district court for proceedings consistent with this opinion.