**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022\*
Decided November 17, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-1969

| | |
|---|---|
| KEITH TURNER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:22-cv-00275-TWP-DML |
| WESTFIELD WASHINGTON TOWNSHIP, | Tanya Walton Pratt, |
| *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

Keith Turner appeals the dismissal of his complaint against Westfield Washington, an Indiana township, for denying his application for emergency rental assistance under a federally created pandemic relief program. The district court ruled that the relevant statutes do not provide a private cause of action. We agree, and because Turner's complaint did not otherwise state a claim, we affirm.

---

\* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

At this stage, we accept the factual allegations in Turner's pro se complaint as true. *See Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 499 (7th Cir. 2022). Turner sought housing benefits from a local program funded by the federal Coronavirus Relief Fund. The Fund was created and funded by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 42 U.S.C. § 801, the Consolidated Appropriations Act of 2021, 15 U.S.C. § 9058a, and the American Rescue Plan Act of 2021, 15 U.S.C. § 9058c. As relevant here, the Acts give local governments block grants to pay housing expenses for applicants meeting certain criteria. *See* 42 U.S.C. § 801(b)(1); 15 U.S.C. §§ 9058a(b)(1), (c), (k)(3), 9058c(b)(1), (d), (f)(2). Turner applied to Westfield Washington ("the Township") for the benefits, but the Township denied the application because it concluded, incorrectly, that the application was fraudulent.

The Township moved to dismiss the complaint, arguing that the Acts do not authorize private lawsuits to recover benefits. The district court agreed and dismissed the complaint. Turner filed a notice of appeal and then another document in which he argued that he could sue under the Acts to enforce his right to benefits. He also argued that his complaint stated a claim under 42 U.S.C. § 1983. Construing this as a motion to reconsider, the district court denied it. Given the timing of the motion and the notice of appeal, we can review both the dismissal and the denial of the motion. *See* FED. R. APP. P. 4(a)(4)(A)(iv), (vi), (B)(i); *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019).

Turner first argues that the Acts provide him with a private right of action because he meets the statutory criteria for the benefits. He concedes that nothing in the text of the Acts establishes a right for eligible applicants to sue if they are denied benefits, but he infers such a remedy from the overall statutory scheme.

Here, a right to privately enforce the benefits provisions of the Acts cannot be inferred. Without clear statutory intent to create a private right of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017). Turner apparently interprets the statutes as granting an individual right to the benefits if the criteria are met. But the Acts are directed at the Secretary of the Treasury, who must distribute program funds to local governments, which determine eligibility and pay covered expenses for those who qualify. 42 U.S.C. § 801(b)(1); 15 U.S.C. §§ 9058a(b)(1), (c)(1), 9058c(b)(1), (d)(1). Nothing in any of the Acts secures a right to benefits for individual applicants. Turner might have an administrative claim under

state law, but the Acts do not confer individual rights or create a private enforcement mechanism.

Next, Turner contends that his complaint stated a claim under 42 U.S.C. § 1983. The Township first responds that Turner waived this argument because he did not plead a § 1983 violation. But plaintiffs need not commit to a legal theory at the pleadings stage, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022), and complaints cannot be dismissed because they imperfectly state the law supporting the claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

The Township also argues that Turner waived the § 1983 theory by not raising it in the district court, but Turner appropriately gave the district court the chance to address his argument. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). In his motion to reconsider, Turner argued that even if he had no private right of action under the Acts, the Township's denial violated his "private privilege" to the benefits, allowing him to sue under § 1983 for the denial of a federal right. Because Turner did not need to plead legal theories, and the Township moved to dismiss based solely on the lack of a private right of action, he cannot be faulted for not specifying another theory of relief until the motion for reconsideration.

Nevertheless, under our de novo review, Turner's complaint did not state a § 1983 claim because it did not allege that he was deprived of a federal statutory or constitutional right. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 119–20 (2005). According to Turner, he has a statutory right because the Acts require that all eligible applicants receive benefits. But we have already rejected that argument. The Acts authorize local governments, as the recipients of block grants, to distribute relief funds to certain eligible applicants, but no individual has a right to the funds. Turner cannot use § 1983 to sidestep the absence of a private right of action under the Acts. To the extent Turner also suggests his "property right" in the benefits can be enforced through the Due Process Clause, the same answer applies. Perhaps Turner could be understood to argue that the Township irrationally, and thus unconstitutionally, targeted him for an unfavorable decision. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008) (explaining class-of-one theory of equal protection). But the complaint states that the Township denied the application after concluding that it was fraudulent; that is not irrational, and Turner's complaint does not provide any facts to suggest that the conclusion, even if erroneous, was pretextual.

Turner's last argument is that his complaint stated a tort claim. But he cites no authority (and we are aware of none) establishing a tort claim for the wrongful denial of

benefits. We need not decide this issue, however. The district court acknowledged, but did not address, the Township's argument that Turner failed to state a tort claim. This was sensible given the presumption that, when a court dismisses a lone federal claim on the merits, it will relinquish subject-matter jurisdiction and dismiss any pendent state-law claims without prejudice under 28 U.S.C. § 1367(c)(3). *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018). We therefore modify the judgment to provide that any state claims are dismissed without prejudice.

Finally, we note that the judgment reflects a dismissal "for lack of jurisdiction," but the court's reasoning on the federal claim was not jurisdictional. A jurisdictional dismissal is not on the merits and is without prejudice to refiling in the proper forum. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969–70 (7th Cir. 2016). But a motion challenging "the existence of a federal cause of action" attacks the merits. *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557 (7th Cir. 2021) (quoting *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 279–80 (7th Cir. 1986)); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015). The court's memorandum opinion recognizes this by correctly granting the Township's motion under Rule 12(b)(6) (not Rule 12(b)(1)) and dismissing "with prejudice." *Lewert*, 819 F.3d at 969.

We instruct the district court to enter an amended judgment order clarifying the dispositions in accordance with this order. But based on our understanding that the federal claims are dismissed on the merits, and having modified the judgment on the state claims, we AFFIRM.