**Donald O. SHAFFER, Appellant,**

v.

**James EVANS, Appellee.**

**No. 5955.**

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1958.

Clinton R. Barry, Fort Smith, Ark., on brief for appellant.

Jack M. Thomas, Tulsa, Okl. (Truman B. Rucker, B. W. Tabor and Joseph A. Sharp, Tulsa, Okl., were with him on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

## PER CURIAM.

The plaintiff appeals from an order of the trial court dismissing his suit with prejudice when he declined to proceed further upon the court's denying his motion to dismiss the action without prejudice after the defendant had filed an answer. The sole contention on appeal is that the court erred in denying the motion to dismiss the suit without prejudice.

■ In the interest of protecting the rights of all the parties and accomplishing expeditious disposition of litigation, a motion by the plaintiff to dismiss after service of the defendant's answer or motion for summary judgment is addressed to the sound judicial discretion of the court. Rule 41(a) (2) F.R.Civ.P. Butler v. Denton, 10 Cir., 150 F.2d 687; Grivas v. Parmelee Transp. Co., 7 Cir., 207 F.2d 334; Larsen v. Switzer, 8 Cir.,

183 F.2d 850; Federal Savings & Loan Ins. Corp. v. Reeves, 8 Cir., 148 F.2d 731.

■ This action had been pending for some six months at the time of the hearing on the plaintiff's motion to dismiss. Depositions had been taken, the defendant had made arrangements for medical testimony, and a pre-trial conference had been held. The case had not been set down for trial, but apparently was ready for trial at the next jury term. Requiring the plaintiff to proceed under those circumstances in the court in which he had filed his action could hardly be termed arbitrary. Certainly, no reason prejudicial to his substantive rights was suggested for dismissal, and the trial court did not abuse its discretion in denying the motion.

The judgment is affirmed.