**Albert CHORN and Marjory Chorn, and The Institute for Human Rights Research**

v.

**The UNITED STATES.**

No. 407–83L.

United States Claims Court.

March 21, 1984.

---

John C. Hepworth, Twin Falls, Idaho, for plaintiffs.

Ronald G. Gluck, Washington, D.C., with whom is Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

## ON PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

### ORDER

SETO, Judge:

The above-captioned inverse condemnation case comes before the court on plaintiffs' motion for voluntary dismissal of plaintiffs' petition (now complaint) pursuant to RUSCC 41. Plaintiffs request that the complaint be dismissed without prejudice. Defendant does not oppose the dismissal of the suit, but asks this court to dismiss the action with prejudice. After consideration of the procedural history of this case, the affidavit of plaintiffs' counsel, and the opposing brief filed by defendant, this court holds that plaintiffs' motion should be granted, and the cause dismissed without prejudice.

Plaintiffs filed a petition (now complaint) on June 20, 1983, which demanded payment from the Government for the alleged taking of plaintiffs' property. On the day the answer was due, counsel for defendant filed a motion requesting an enlargement of time until September 2 in which to file an answer. The motion was allowed, and defendant's answer was duly filed on September 2. This court then filed an order on September 19, 1983, setting forth a schedule for pretrial submissions. Pursuant to that order, plaintiffs' submission was due on November 19. On October 24, plaintiffs filed a motion requesting an enlargement of time until March 1, 1984, for the required submission. In a separately filed response also dated October 24, defendant joined in that motion, citing the "[e]xtensive discovery" needed because of the "long and complicated history of plaintiffs' acquisitions and use of [the] property" in question. This motion was also granted.

The motion at bar was filed on February 21, 1984. Attached to the motion is an affidavit of plaintiffs' counsel, stating as reasons for the dismissal that: (1) plaintiff Albert Chorn's age and current poor health make it impossible for him to supply the information necessary to answer the interrogatories propounded by defendant, or, *a fortiori*, to continue the prosecution of this case in light of the almost inevitable future depositions and possible trial; and (2) future prosecution of this case by plaintiff, The Institute for Human Rights Research, is untenable because it is fully "dependent upon utilizing Mr. Chorn's knowledge and

records to support its own claim for inverse condemnation [and] is unable to continue the prosecution of this case without the full support and activity of Mr. Chorn."

In its opposition, defendant does not challenge the request for a dismissal, but argues that the suit should be dismissed with prejudice. As reasons therefor, counsel for defendant argues that "plaintiffs have wholly failed to prosecute their claims, proceeded in a dilatory fashion, and failed to comply with Rules 33 and 34 of this Court ...."[1] Defendant further states that: (1) this indicates that plaintiffs are "unwilling" to further prosecute their claims, thus justifying a dismissal with prejudice; and (2) a dismissal with prejudice would avoid any later litigation on this claim which might be made more difficult by the passage of time.

 The dismissal of an action is within the sound discretion of the trial court, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and a court should be mindful that it cannot "consider a dismissal with prejudice under this rule [F.R.Civ.Proc. 41, *cf.* RUSCC 41] lightly, for the effect of such an order is to forever deny a plaintiff access to the courts for the impartial resolution of potentially meritorious claims." *Darms et al. v. McCulloch Oil Corp. et al.,* 720 F.2d 490, 494 (8th Cir.1983). In similar vein is the holding in *Davis v. Operation Amigo, Inc.,* 378 F.2d 101, 103 (10th Cir.1967), stating:

A dismissal, with prejudice, is a harsh sanction and should be resorted to only in extreme cases. No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but

the procedural history of each case must be examined in order to make such determination. *The judge must be ever mindful that the policy of the law favors the hearing of a litigant's claim upon the merits.* [Footnotes omitted] [Emphasis added].

*Accord, Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir.1967); *Durgin v. Graham,* 372 F.2d 130 (5th Cir.), cert. denied 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1365 (1967). Because of its severity, a dismissal with prejudice should be ordered only "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983).

Other factors a court should consider are: (1) the relative "age" of the suit in question[2]; (2) the effect of a dismissal on the other parties to the action[3]; and (3) the policy of "accomplishing expeditious disposition of litigation."[4]

 In considering *seriatim* the policies and factors set forth above, the court first notes that this case does not present "a clear record of delay or contumacious conduct," *Webber, supra,* nor, in the absence of any motion requesting lesser sanctions, have "other less drastic sanctions ... proven unavailing." *Id.* As to delay, it is no small surprise to hear counsel for defendant accuse plaintiffs of "proceed[ing] in a dilatory fashion" when in fact counsel for defendant submitted a last-minute request for an enlargement of time in which to answer and later joined in plaintiffs' request for an

---

1. Defendant refers to the facts that plaintiffs did not respond to defendant's interrogatories, nor did they respond to defendant's motion, filed January 20, 1984, to compel answers to the interrogatories.

2. In *Webber, supra,* the court reversed, as an abuse of discretion, the dismissal of a case of eighteen months' duration, citing several appellate decisions reversing trial courts' dismissals of relatively "youthful" cases: *Raiford v. Pounds,* 640 F.2d 944 (9th Cir.1981) (almost one year); *Tolbert v. Leighton,* 623 F.2d 585 (9th Cir.1980) (seven months); *Gonzalez v.*

*Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir.1980) (less than ten months); *Schenk v. Bear, Sterns & Co., Inc.,* 583 F.2d 58 (2d Cir. 1978) (thirteen months); *Flaksa v. Little Marine Construction Co.,* 389 F.2d 885 (5th Cir.), cert. denied 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968) (less than one year). *See Webber,* 721 F.2d at 1070.

3. *See, e.g., LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir.1976).

4. *Shaffer v. Evans,* 263 F.2d 134, 135 (10th Cir.1958).

enlargement of time in which to respond to the pretrial order. This observation, of course, in no way lessens the court's displeasure at counsel for plaintiffs' failure to timely respond to defendant's interrogatories and motion to compel.[5] Were delay the only criterion, this court would be inclined to say "A plague o' both your houses!"[6] and be done. Delay is not, of course, the only factor to consider.

The second factor outlined above is the "age" of this action. Plaintiffs initiated this action on June 20, 1983, and defendant answered on September 2, 1983. The complete pleadings have thus been before the court for less than seven months. In view of the rulings of other courts in similar situations, see supra, note 2, this court is disinclined to order a dismissal with prejudice in the case at bar.

The third factor to consider is the effect of a dismissal on the other parties involved. Defendant, in its brief in opposition to plaintiffs' motion, states that a dismissal without prejudice would work a hardship on defendant because "defendant has expended considerable efforts and expense in the preparation of voluminous litigation reports, an answer to the complaint, and the preparation and submission of extensive discovery requests, and responses to plaintiffs' motions;" and because, should plaintiffs re-initiate suit, the "applicable facts will become more stale and individuals with knowledge of the applicable facts can become unavailable." Defendant's contentions are superficially meritorious. There is no question that defendant has already invested substantial amounts of time and resources in preparing a defense in this case and it is unfortunate that these efforts have apparently gone for naught. To visit, in a sense, these costs upon plaintiffs in the form of a dismissal with prejudice is, however, unwarranted. Defendant cites *Shaffer, supra,* and *Gemeinshaft Zum Schutz Des Berliner v. Marienthal,* 13 ERC 1320

(D.D.C.1979), for the proposition that a dismissal with prejudice is proper where a plaintiff is "unwilling" to continue the prosecution of his case. Those cases hold that where a plaintiff takes advantage of his entitlement to his day in court, he must utilize that "day" fully, and if he is unwilling to fully utilize the opportunity, he should not be heard later to ask for another on the same cause. In the case at bar, however, the uncontradicted affidavit of plaintiffs' attorney indicates that plaintiffs are *unable,* not unwilling, to continue. It would be a harsh rule indeed that made a plaintiff's right to litigate his claims, now or in the future, dependent upon his health. The court can well empathize with defendant, because both defendant and the court have expended time and labor which have turned out to be unnecessary; the court can also sympathize with plaintiffs' asserted position. Where a plaintiff finds that he must quit his cause because of his own poor timing, poor planning, or like reason, he should be made to pay the price of his misjudgment. Where, on the other hand, a plaintiff must cease his prosecution for an event over which he has little or no control, a court should be proportionately more lenient.

Defendant's second contention, regarding the relative hardship, is also unpersuasive. Defendant is apparently raising the speculative defense of laches should plaintiffs re-institute suit at a later time. Plaintiffs' counsel has stated under oath, however, that the motion to dismiss was not brought "with an eye to having these plaintiffs re-commence their efforts if Mr. Chorn's health improves." He goes on to state that plaintiffs request the dismissal to be without prejudice so as to avoid any possibility of a bar or estoppel as to any issue should the *Government* later bring a condemnation suit. This court can not and will not attempt to predict the eventual effect of a dismissal with prejudice, nor can it predict

---

5. The court notes that plaintiffs' reason for requesting a dismissal, *viz.,* the illness of Mr. Chorn, gives rise to the inference that the failure to respond was due to that illness. This

*post hoc* inference, however, does not serve to fully excuse the failure to respond at the time.

6. William Shakespeare, *Romeo and Juliet,* Act iii, sc. 1.

(counsel's statement notwithstanding) the course or kind of any future litigation based on the operative facts of this case. There having been no presentation of substantive issues outside of the pleadings in this case, the operative facts are indeed unknown to this court. Any ruling at this time on defendant's contention would be pure speculation, and hence improper.

The fourth consideration, that of expeditiously disposing of this litigation, is indeed frustrated by a dismissal. In light of our disposition of the other factors involved, however, this frustration must, in the interests of fairness, be borne. It is assumed and expected that, in the event of future litigation, the parties will be ready and willing to quickly and efficiently proceed through the litigative process. Control of that process must be left to whichever arbiter might be chosen.

Having considered the policy favoring a hearing on the merits, the absence of undue delay or contumacious conduct, the relative "youth" of the case, and the absence of substantial harm to defendant, it is this court's decision that plaintiffs' motion for voluntary dismissal is GRANTED, defendant's January 20 motion to compel is DENIED, and the complaint is to be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.