**Robert H. GRAVATT,**
**Plaintiff–Appellant,**

v.

**COLUMBIA UNIVERSITY,**
**Defendant–Appellee.**

**No. 533, Docket 87–7677.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 29, 1988.

Decided April 22, 1988.

Roger K. Heidenreich, Chicago, Ill. (Robert H. Gravatt, pro se, on the brief), for plaintiff-appellant.

Charles B. Updike, New York City (Thomas J. Dolan, Schoeman, Marsh, Updike & Welt, New York City, on the brief), for defendant-appellee.

Before OAKES, NEWMAN and MINER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents the narrow issue whether a plaintiff who seeks to dismiss his complaint *without* prejudice must be afforded an opportunity to withdraw his motion in the event that the trial judge decides that, if the motion is granted, the complaint will be dismissed *with* prejudice. The issue arises on an appeal by Robert H. Gravatt from a judgment of the District Court for the Southern District of New York (Whitman Knapp, Judge). Since we conclude that an opportunity to withdraw the motion must be afforded, we reverse and remand.

Gravatt filed his initial complaint on February 14, 1985, alleging diversity jurisdiction and charging defendant Columbia University with discrimination and libel. As refined in his amended complaint, his claim is that he was denied an opportunity to obtain an advanced degree in mathematical statistics because the University permitted only foreign nationals to take qualify-

ing exams. He also claims that the University libeled him by misrepresenting to prospective employers his educational credentials earned at Columbia. Thereafter, Gravatt filed a similar suit against Columbia in the District Court for the Northern District of Illinois (Chicago). Efforts to prepare the New York case for trial encountered obstacles created primarily by Gravatt's lack of cooperation with Magistrate Gershon, who was handling discovery disputes. Gravatt's attitude toward the New York litigation was bluntly expressed in the Chicago courtroom, where he said, "I am not going back there [New York] again. That case can sit there for ten years for all I care."

Gravatt filed a motion in the New York case to transfer the case to the Northern District of Illinois. That motion was denied. Thereafter, the Magistrate set deadlines for motions and discovery. Rather than comply fully with the schedule, Gravatt moved under Rule 41(a)(2) of the Federal Rules of Civil Procedure for voluntary dismissal without prejudice. The Magistrate recommended dismissal with prejudice, and Judge Knapp adopted the recommendation. Acknowledging that two circuits have required that a plaintiff be permitted to withdraw his motion to dismiss if the conditions to be imposed in connection with dismissal are too onerous, *Lau v. Glendora Unified School District*, 792 F.2d 929, 930–31 (9th Cir.1986); *GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364 (D.C.Cir.1981), Judge Knapp noted that there is no such rule in this Circuit. He concluded that "what might otherwise be considered a common sense rule of fairness" should not be applied in this case in view of the history of the litigation.

This appeal can be viewed as presenting two questions: (1) whether a district court, presented with a plaintiff's motion under Rule 41(a)(2) to dismiss a complaint without prejudice, has the power to dismiss the complaint with prejudice, and (2) whether, if such power exists, the plaintiff must be afforded an opportunity to withdraw the motion before the district court exercises such power. As to the first question, the Rule does not in terms authorize a judge to convert the dismissal from one without prejudice to one with prejudice. However, it does provide that the action will be dismissed only "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). That authority is frequently exercised to require a plaintiff to pay a defendant the expenses incurred in defending against the suit, once the plaintiff has elected to terminate the suit in favor of litigation elsewhere. *See, e.g., Lau v. Glendora Unified School District, supra.* As the Seventh Circuit has observed, such conditions are "the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir.1985).

Whether a conversion of a dismissal to one with prejudice can be considered a "condition" of that dismissal is fairly debatable. The Fourth Circuit has stated that Rule 41(a)(2) authorizes such a conversion. *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986); *see Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F.Supp. 355, 358 (S.D.Tex.1959) (deeming plaintiff's motion to eliminate portions of complaint as equivalent to Rule 41(a)(2) motion and converting dismissal to one with prejudice).[1] *Andes* deemed the conversion

---

1. Two other decisions, *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213 (8th Cir.1977), and *Shaffer v. Evans*, 263 F.2d 134 (10th Cir.1958), *cert. denied*, 359 U.S. 990, 79 S.Ct. 1119, 3 L.Ed.2d 978 (1959), have been cited by commentators as authority to convert a voluntary dismissal to one with prejudice, but neither case is clear on the point. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367 n. 33 (1971 & Supp.1987). *Piper Aircraft* noted that if a dismissal sought and entered without prejudice pursuant to Fed.R.

Civ.P. 41(a)(1) had been requested after the defendant had answered the complaint, then Fed.R.Civ.P. 41(a)(2) would apply and the district court could have entered the dismissal upon such terms and conditions as the court deemed proper, which "could well include a stipulation" that a ruling previously made in the case would have preclusive effect. 551 F.2d at 221. It is not clear whether this "stipulation" referred to a provision that the trial judge might have inserted into the dismissal order or required the par-

authority implicit in the Rule, finding support for this conclusion in the Rule's provision that an order of dismissal is without prejudice "[u]nless otherwise specified." That argument is not conclusive, however. The provision relied upon could simply be a rule of construction for dismissals that do not say whether they are with or without prejudice, and the quoted phrase could be available for use only when a plaintiff requests a dismissal with prejudice.

■ Though the matter is not free from doubt, we conclude that a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice.[2] We are persuaded to reach this conclusion in part because our answer to the second issue on this appeal, concerning a plaintiff's opportunity to withdraw his Rule 41(a)(2) motion, creates the same consequences for the plaintiff, whether or not conversion authority exists. On that second issue, we agree with the Fourth Circuit that fundamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice. *Andes v. Versant Corp., supra,* 788 F.2d at 1037. Indeed, three other circuits have gone even further, expressing the view that a plaintiff, moving under Rule 41(a)(2), should be afforded this opportunity whenever the terms and conditions on which the dismissal is to be granted are "too onerous." *Lau v. Glendora Unified School District, supra,* 792 F.2d at 930 (footnote omitted); *Scam Instrument Corp. v. Con-*

*trol Data Corp.,* 458 F.2d 885, 889 (7th Cir.1972); *GAF Corp. v. Transamerica Insurance Co., supra,* 665 F.2d at 367–68 (stating the principle but nevertheless approving fee condition imposed without opportunity to withdraw motion because of unlikelihood that plaintiff would have withdrawn motion). We need not decide in this case whether to join these circuits in requiring an opportunity to withdraw the motion rather than accept onerous conditions of a voluntary dismissal. It suffices to hold that an opportunity to withdraw a motion for dismissal without prejudice must be afforded a plaintiff before the dismissal is converted to one with prejudice. By making the motion, the plaintiff takes the risk that the motion will be denied, thereby obliging him to proceed with trial or face involuntary dismissal under Rule 41(b). He need not, however, accept the risk that his claim, not yet adjudicated, will be effectively rejected on its merits by virtue of the preclusive effect of a dismissal with prejudice.

Since a plaintiff must be afforded the opportunity to withdraw his motion, it makes no practical difference whether or not a district judge exercises the authority to convert the dismissal to one with prejudice. If such authority is not exercised, the judge can deny the motion, leaving the plaintiff a choice of proceeding to trial or obtaining a voluntary dismissal only by requesting a dismissal with prejudice. If such authority is exercised, the requirement of an opportunity to withdraw the motion leaves the plaintiff facing the same alternatives.

---

ties to insert or, more likely, a provision that the parties had the option to agree upon. In *Shaffer,* the plaintiff moved to dismiss without prejudice, the motion was denied, the plaintiff then refused to proceed, and the suit was dismissed with prejudice. 263 F.2d at 135. This appears to be an involuntary dismissal under Rule 41(b), rather than the conversion of a voluntary dismissal under Rule 41(a)(2).

2. In *Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109 (2d Cir.1985), we held that plaintiff's motion made on the sixth day of an eight-day trial to withdraw one of his claims without prejudice should have been granted with prejudice. We reasoned that the plaintiff was entitled to only one opportunity to prove his case,

and declined to offer him a second chance to prove "a claim which was tried but withdrawn before submission to the jury on the evident judgment that it had not been proved." 769 F.2d at 114; *see Grass v. Citibank, N.A.,* 90 F.R.D. 79, 80 (S.D.N.Y.1981) (motion to dismiss without prejudice granted with prejudice where claim had been fully litigated). Although *Wakefield* suggests that conversion to a dismissal with prejudice is authorized in some circumstances, we had no occasion in that case to consider a situation like the present one in which plaintiff's motion to dismiss without prejudice is made before trial of the merits has begun.

We sympathize with the evident exasperation of the District Judge and the Magistrate at Gravatt's conduct in this litigation. There are, however, adequate measures to deal with such conduct where circumstances warrant. *See* 28 U.S.C. § 1927 (1982); Fed.R.Civ.P. 11, 37. Rule 41(a)(2) ought not to become a mechanism to impose upon a plaintiff the extreme sanction of a dismissal with prejudice, at least where the plaintiff would rather pursue the litigation than accept that result.

The judgment of the District Court is reversed and the cause remanded. Upon remand, the District Court may either deny plaintiff's motion or, if it intends to convert the dismissal to one with prejudice, afford the plaintiff an opportunity to withdraw the motion. If the motion is denied or withdrawn, the plaintiff should be obliged to prepare the case promptly for trial, failing which involuntary dismissal for failure to prosecute would be appropriate.

Reversed and remanded. No costs.