57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James F. PORM, Plaintiff/Appellant,
v.
Leo L. MEYER, William O'Sullivan, John Doe, et al.,
Defendants/Appellees.
 No. 94-2032.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 The district court allowed the plaintiff in this case, James F. Porm, to voluntarily dismiss his complaint against various prison officials. However, the district court dismissed the complaint with prejudice. Porm sought to vacate the district court's judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court denied the motion, and Porm appeals. For the reasons that follow, we reverse and remand.
 
 I. Background
 
 2
 Proceeding pro se, Porm filed his first complaint in this suit in May 1991. Following dismissal of the complaint, Porm appealed and was given the right to amend the complaint (No. 91-3612, unpublished order, April 28, 1993), which he did, twice. Porm's second amended complaint seeks relief from various officials of the Illinois Department of Corrections under 42 U.S.C. Sec. 1983. Porm alleges that prison officials deliberately exposed Porm to the AIDS virus as part of a medical experiment; that Porm's blood was extracted and tested without his consent; and that inmates with communicable diseases, including carriers of HIV, are housed in the general prison population. Porm claims these actions constitute cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 3
 Porm made several motions to the district court requesting the appointment of counsel, all of which were denied. In March 1994, after the defendants had filed an answer and affirmative defenses, Porm sent a letter addressed to the district court judge. The letter read, in part: "My name is James Porm, plaintiff referenced above. Please consider this letter as my voluntary dismissal of this case. This course of action is not voluntary, but induced by fear and as necessary to keep me alive." Porm alleged that his life was at risk because he was to be transferred to another prison, where the survival rate for white inmates is "zero." Porm also recounted threats of physical violence from other inmates; the confiscation of his materials lobbying the state legislature for medical improvements in the prison with regard to inmates who carry HIV; and retaliatory prison disciplinary proceedings. Porm's letter ended:
 
 
 4
 I cannot work on this case or draft formal pleadings because all of my case files have been taken from me. Will you Sir permit the prison officials to take my life as well, in addition to punishing me for exercising my rights through retaliatory conduct? Please intervene! Promptly!!"
 
 
 5
 (R. 90; Appendix at 8-10). Construing Porm's letter as a motion to voluntarily dismiss, the district court dismissed Porm's lawsuit with prejudice. Within 10 days, Porm filed a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, claiming that the district court should not have dismissed the case with prejudice because Porm was coerced into the voluntary dismissal. The district court denied the motion, stating:
 
 
 6
 The plaintiff, a savvy litigator, did not seek a protective order, but rather a dismissal. The plaintiff has been able to litigate this case for three years without evidence [of] interference or harassment. The court will not permit the plaintiff's change of heart over whether to pursue a case of highly doubtful merit.
 
 
 7
 (Minute Entry, 4/28/94). Porm now appeals.
 
 II. Analysis
 
 8
 We review the district court's denial of Porm's motion to withdraw the voluntary dismissal of his complaint for an abuse of discretion. Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir.1990); McGregor v. Board of Commrs., 956 F.2d 1017, 1019 (11th Cir.1992).
 
 
 9
 Rule 41(a)(2) allows a plaintiff to voluntarily dismiss his case "upon order of the court and upon such terms as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed.R.Civ.P. 41(a)(2). This court has held that under certain circumstances, dismissal with prejudice is a permissible term and condition of dismissal under Rule 41(a)(2). Ratkovich v. Smith Kline, 951 F.2d 155, 157-58 (7th Cir.1991). Additionally, the district court retains the discretion to convert a dismissal sought to be entered without prejudice, to one with prejudice. Gravatt v. Columbia Univ., 845 F.2d 54, 56 (2d Cir.1988). However, several circuits, including this one, have held that a plaintiff moving under Rule 41(a)(2) should be afforded the opportunity to withdraw his motion if the terms and conditions of the dismissal required by the district court are "too onerous." Mortgage Guar. Ins. Corp. v. Richard Carolyn Co., 904 F.2d 298, 300 (5th Cir.1990); Lau v. Glendora Unified School Dist., 792 F.2d 929, 930-31 (9th Cir.1986); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367-68 (D.C.Cir.1981); Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 889 (7th Cir.1972).
 
 
 10
 Thus, the rule in this circuit is that "according to the 'terms and conditions' clause of Rule 41(a)(2), a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir.1994). See also Gravatt, 845 F.2d at 56; Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir.1986). If Porm, therefore, had moved for a dismissal without prejudice, the district court would have clearly abused its discretion in denying him the opportunity to withdraw. However, Porm's letter did not specify whether the voluntary dismissal ought to be with or without prejudice.
 
 
 11
 If the plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Sec. 2367 (1994). The question then becomes whether the district court abused its discretion in construing Porm's letter to request a voluntary dismissal with prejudice.
 
 
 12
 If the district court order had failed to specify whether the dismissal was to be with or without prejudice, Rule 41(a)(2) presumes the order to be without prejudice, leaving plaintiff free to reopen the case. Fed.R.Civ.P. 41(a)(2). Indeed, "the language and history of Rule 41(a) imply [that] the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir.1985). In Porm's letter to the district court, Porm states that the reason for the voluntary dismissal is coercion from prison officials, not that Porm believes his case has no merit. Porm's request indicates that because of the alleged coercion, he cannot proceed with the case at this time; not that he intends to forever abandon it. Porm had actively prosecuted the case for three years, including a successful appeal to this court. Additionally, after his letter to the district court, Porm sent a letter to defendants' attorney, concerning their waiver of objections to Porm's proposed interrogatories, (R. 95 at 9; App. at 11), indicating that Porm had no intention of permanently abandoning his claims. We hold that it was an abuse of discretion to construe Porm's letter to the district court as a motion for dismissal with prejudice.
 
 
 13
 Porm also appeals the district court's denial of Porm's motion for appointment of counsel. However, Porm has no constitutional or statutory right to counsel in this civil case and the district court did not abuse its discretion in denying Porm's motion. See Farmer v. Haas, 990 F.2d 319, 321-22 (7th Cir.1993).
 
 
 14
 Accordingly, we REVERSE and REMAND to the district court to allow Porm the opportunity to withdraw his voluntary dismissal, or to move for a dismissal without prejudice.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record