17-2204-cv
Paysys Int'l, Inc. v. Atos IT Servs. Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———————

August Term, 2017

Argued: May 1, 2018; Decided: August 20, 2018

Docket No. 17-2204-cv

———————

PAYSYS INTERNATIONAL, INC.,

*Plaintiff–Counter-Defendant–Appellant,*

FIRST DATA CORPORATION,

*Counter-Defendant,*

— v. —

ATOS IT SERVICES LTD., ATOS SE, WORLDLINE SA,

*Defendants–Counter-Claimants–Appellees,*

SEMA SA,

*Defendant.*[*]

———————

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

B e f o r e :

LYNCH and DRONEY, *Circuit Judges*, and SESSIONS, *District Judge.*[**]

––––––––

Plaintiff-appellant Paysys International ("Paysys") moved to voluntarily dismiss its case with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The district court (Katherine B. Forrest, *Judge*) granted that motion on the condition that Paysys pay the defendant-appellees' (collectively, "Atos") attorney's fees. Paysys contends that it was entitled to an opportunity to withdraw its motion rather than acquiesce to the court's terms. We agree. The judgment of the district court is VACATED and the matter is REMANDED to give Paysys that opportunity.

––––––––

> JAMES H. NEALE, Wislett Studnicky McCormick & Bomser LLP, New York, NY (Robert D. Owen, Eversheds Sutherland (US) LLP, New York, NY, and Anna Carr Halsey, Peter C. Quittmeyer, Eversheds Sutherland (US) LLP, Atlanta, GA, *on the brief*), *for Plaintiff–Counter-Defendant–Appellant*.
>
> ILANA HOPE EISENSTEIN, DLA Piper LLP (US), Philadelphia, PA (Stanley J. Panikowski, DLA Piper LLP (US), San Diego, CA, and Leo Medzhibovsky, Marc E. Miller, DLA Piper LLP (US), New York, NY, *on the brief*), *for Defendants–Counter-Claimants–Appellees*.

––––––––

GERARD E. LYNCH, *Circuit Judge*:

––––––––

[**] Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

Plaintiff-appellant Paysys International ("Paysys") moved to voluntarily dismiss its case with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The district court (Katherine B. Forrest, *Judge*) granted that motion on the condition that Paysys pay the defendant-appellees' (collectively, "Atos") attorney's fees. Paysys contends that it was entitled to an opportunity to withdraw its motion rather than acquiesce to the court's terms. We agree. The judgment of the district court is VACATED and the matter is REMANDED to give Paysys that opportunity.

## BACKGROUND

In a series of agreements between 1988 and 2001 (collectively referred to as "the Agreement"), Paysys gave Atos's predecessor non-exclusive rights to use software that Paysys had developed, and to grant licenses for that software within a specified territory. The Agreement also provided, in relevant part, that

> [i]n the event of litigation between the parties with respect to any claim that [Atos's predecessor] or any of [its] [a]ffiliates has committed a territorial violation, the prevailing party shall be entitled to an award of its reasonable attorneys' fees.

App. at 1090 (second, third, and fourth alterations in original). In 2014, Paysys filed a complaint against Atos asserting, among other things, that Atos had

3

breached the terms of the Agreement. In its second amended complaint — the operative one for the purposes of discovery and summary judgment motions — Paysys explicitly alleged that Atos's breach included multiple violations of the Agreement's territorial restrictions.

Three years into the litigation, twelve of Paysys's thirteen original claims had been dismissed. On April 6, 2017, Paysys moved to voluntarily withdraw its sole remaining claim for breach of contract pursuant to Rule 41(a)(2).[1] **[A536–45]** Paysys's motion sought a dismissal with prejudice, and also offered to provide Atos a perpetual, global license to its software. Before the court ruled on Paysys's motion, however, the parties also filed dueling summary judgment motions on Paysys's remaining claim. The district court directed the parties to confer and indicate whether Atos consented to a grant of dismissal in lieu of litigating the summary judgment motions. Atos asserted that it would consent if the court also recognized Atos as the "prevailing party" under the Agreement's fee-shifting provision and therefore conditioned the grant of voluntary dismissal on Paysys's payment of Atos's attorney's fees. Paysys, in turn, contended that if such a

---

[1] The parties dispute at length the reasons why Paysys decided to file its motion at that point in the litigation. Why Paysys moved to dismiss its remaining claim, however, has no bearing on the question at issue in this appeal.

condition were imposed, it should be entitled to an opportunity to decide whether to reject that condition by withdrawing its motion.

On July 7, 2017, the district court issued a final order granting Paysys's motion on the condition that it pay Atos's attorney's fees, denying Paysys the opportunity to avoid that condition by withdrawing its motion, and denying as moot the pending summary judgment motions. The court determined that Atos was the "prevailing party" for the purposes of the fee-shifting provision because it had succeeded in getting the majority of Paysys's claims dismissed and significantly narrowing the remaining breach of contract claim before Paysys moved to dismiss it. The court also held that Paysys was not entitled to an opportunity to withdraw its motion because the fee-shifting obligation was a contractual one to which it had already agreed.

Paysys appealed.[2]

---

[2] Paysys asserts that this is an interlocutory appeal brought pursuant to the collateral order doctrine because, it argues, if an appeal is not permitted now, the ruling at issue will have consequences that would be "effectively unreviewable after final judgment." Appellant's Br. at 1–2, quoting *Funk v. Belneftekhim*, 861 F.3d 354, 362 (2d Cir. 2017). That position is apparently premised on Paysys's belief that, in the absence of this appeal, it would be required to perform the other obligations it voluntarily included in its Rule 41 motion — namely, delivering to Atos a worldwide software license and covenant not to sue — before final judgment entered in the case.

**DISCUSSION**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1) [which describes voluntary dismissals made either before the defendant files a responsive pleading or on consent], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion." *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). Paysys contends that although Rule 41(a)(2) permits the district court to require that certain additional conditions be met before it will grant a plaintiff's request for voluntary dismissal, that plaintiff is nevertheless entitled to an opportunity to withdraw its motion

---

It is well established, however, that the grant of a Rule 41(a)(2) dismissal with prejudice is "appealable as a final decision." *Ibeto Petrochem. Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 62 (2d Cir. 2007). All that remains to be decided in this case (assuming that the district court's ruling remains in place) is the amount of attorney's fees to which Atos is entitled, and the entry of judgment ordinarily should not be delayed simply in order to award fees. *See* Fed. R. Civ. P. 58(e); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 187 (2014) (explaining that Rule 58(e) "confirms the general practice of treating fees and costs as collateral for finality purposes"). That the district court has not formally entered a final judgment on the docket is of no moment because, as we have held, "a party may (but is not required to) appeal from a dispositive order without awaiting entry of judgment." *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000).

6

and continue litigating the case if it determines that the court's conditions are "too onerous." Appellant's Br. at 15.

We have not previously adopted Paysys's view. In *Gravatt v. Columbia University*, 845 F.2d 54 (2d Cir. 1988), our most recent statement on this rarely litigated Rule, we held that "fundamental fairness" required that a plaintiff be afforded an opportunity to withdraw its Rule 41(a)(2) motion to dismiss in a case in which the district court's condition would have converted a requested dismissal *without* prejudice to one *with* prejudice. *Id.* at 56. We reasoned that a plaintiff filing a Rule 41 motion to dismiss its case without prejudice knowingly takes on the risk that the motion could be denied, but not that "[its] claim, not yet adjudicated, will be effectively rejected on its merits by virtue of the preclusive effect of a dismissal with prejudice." *Id.* In the course of arriving at that conclusion, we observed that other Circuits "have gone even further, expressing the view that a plaintiff, moving under Rule 41(a)(2), should be afforded this opportunity whenever the terms and conditions on which the dismissal is to be granted are 'too onerous.'" *Id.*, quoting *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986), and citing *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C. Cir. 1981), and *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d

885, 889 (7th Cir. 1972). But because our ruling rested on the distinctive features of a dismissal with prejudice, we found it unnecessary to decide at that time whether to adopt the broader rule endorsed by our sister Circuits. *Id.*

Since *Gravatt*, it has become commonly accepted that "[t]he plaintiff has an option not to go forward with a [Rule 41(a)(2)] dismissal if the conditions specified by the court seem too onerous." 9 Charles Alan Wright & Arthur R. Miller *et al.*, Fed. Prac. & Proc. Civ. § 2366 (West 2018); *see also* 8 James Wm. Moore *et al.*, Moore's Fed. Prac. – Civ. § 41.40 (Lexis 2018) ("A plaintiff who finds the terms or conditions set by the court to be too onerous need not accept the dismissal, but is entitled to withdraw the motion and proceed with the action."); 27A Tracy Bateman *et al.*, Fed. Proc., L. Ed. § 62:519 (2018) ("Although it is the court which imposes the conditions on a Fed. R. Civ. P. 41(a)(2) voluntary dismissal, the plaintiff has the option not to dismiss if it feels that the conditions imposed by the court are too onerous."(footnote omitted)). We conclude that that reading of Rule 41(a)(2) comports with both the plain text of the Rule and the policies behind it.

As noted above, Rule 41(a)(2) provides that, after the defendant has filed a responsive pleading and if the motion is not on consent, "an action may be

8

dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Rule thus empowers the district court to either dismiss the case on its own terms or to deny a requested dismissal, if those terms are not met. But acceptance of the court's terms, like the motion to dismiss itself, must be *voluntary*. As the Seventh Circuit explained in *Marlow v. Winston & Strawn*, 19 F.3d 300 (7th Cir. 1994), "[a] court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision." *Id.* at 305. That conclusion is consistent with the concern underpinning our holding in *Gravatt*: when a plaintiff files a motion for dismissal under Rule 41(a)(2), it takes on the risk is that its motion will be denied, not that the motion will carry additional consequences to which the plaintiff does not consent. *See* 845 F.2d at 56.

Like our sister Circuits, we emphasize that it is the *plaintiff*, rather than the court, who has "the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits."[3] *GAF Corp.*,

---

[3] Atos asserts that withdrawal is mandated only if the plaintiff will suffer "legal prejudice" as a result of the conditions, and that, in the ordinary case, attorney's fees do not constitute such prejudice. The legal prejudice language on which it

9

665 F.2d at 367–68; *see also Lau*, 792 F.2d at 930–31 (same). Thus, in the present case, the district court erred when it decided that Paysys could not reject its fee-shifting condition as too onerous simply because, in the court's view, Paysys had already accepted that obligation as a reasonable one by assenting to the Agreement's fee-shifting provision.

Giving Paysys an opportunity to withdraw its motion is also consistent with the policies behind Rule 41(a)(2). As we have noted, Rule 41(a) permits voluntary dismissals of cases, regardless of whether they might otherwise have sufficient merit to be litigated through trial. When a plaintiff decides that its case is no longer worth litigating, it is efficient to incentivize that party to dismiss its case (on terms that will not prejudice the defendant), rather than remain in court, wasting our resources and those of the opposing party. There is little benefit to

---

relies, however, is not based on an interpretation of Rule 41(a)(2), but rather resolves a problem distinctive to appeals concerning motions to dismiss without prejudice: in such circumstances, the Court of Appeals must first determine whether it has jurisdiction to hear the appeal at all, because no final decision on the merits has been issued by the district court. *See, e.g.*, *Ortega Trujillo v. Banco Cent. Del Ecuador*, 379 F.3d 1298, 1302 (11th Cir. 2004) (imposition of attorney's fees did not cause plaintiff "legal prejudice," and thus did not render the dismissal appealable); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir. 1986) (same). That concern is irrelevant here because a dismissal with prejudice does constitute a final, appealable order. *See* note 2 *supra*.

anyone if an unwilling plaintiff refrains from filing a Rule 41 motion simply because it fears that the conditions imposed on a grant of dismissal *might* be more costly to it than continuing the litigation, and it has no opportunity to find out what those terms might be without becoming bound to them.

Atos suggests, to the contrary, that Rule 41's policies weigh against an opportunity to withdraw in this case because the "terms and conditions" provision of the Rule is concerned with preventing prejudice to the defendant and, Atos argues, it would be "further prejudice[d]" if Paysys is permitted to avoid the district court's fee shifting condition, withdraw its motion, and continue litigating the case. Appellees' Br. at 24. That is incorrect. Nothing entitles a defendant to the benefit of the court's terms *other* than the plaintiff's agreement to comply with them in exchange for a grant of dismissal. Moreover, setting aside that Atos might have to spend more money litigating this case (which is not generally considered prejudicial when the normal American Rule is in effect), Atos is in no worse position if Paysys withdraws its motion than if Paysys had never filed the motion at all. And if Atos turns out to be correct that it is entitled to prevail on its summary judgment motion and to have Paysys foot the bill for the entirety of the litigation, then it should not be overly concerned:

11

any additional fees it incurs following Paysys's withdrawal (which may well be minimal, as the summary judgment motions have already been fully briefed) should also be assigned to Paysys in due course. If, in contrast, Atos turns out not to be entitled to summary judgment on the remaining claim, it has no claim in justice to require Paysys to decide whether that claim is worth fighting about from behind a veil of ignorance about the conditions that might attach if it abandons its case.

In a similar vein, Atos argues that even if Paysys is entitled to an opportunity to withdraw its motion, the district court's refusal to provide that opportunity was, at most, harmless error. Atos asserts that the court could have simply granted Paysys's motion without conditions, and if it had then considered the effect of that dismissal under the terms of the parties' previous agreement, it would have arrived at the same conclusion that Atos was entitled to fees as the "prevailing party" under the Agreement. That outcome is too speculative—it seems equally likely that, rather than calmly awaiting an opportunity to litigate the fee-shifting provision, Atos would have immediately appealed an unconditional grant as impermissibly prejudicial to *it*, and given that the motion was filed three years into the litigation, on the eve of the parties filing summary

judgment motions on the sole remaining issue in what began as a substantial case, we might have agreed. *Cf. Colombrito v. Kelly*, 764 F.2d 122, 134–35 (2d Cir. 1985) (observing that fee-shifting might be a permissible condition for granting a Rule 41(a)(2) dismissal with prejudice pursuant to independent statutory authority or in unusual circumstances where a litigant, e.g., repeatedly brought suits solely to inflict costs on its opponent).[4] We cannot responsibly decide that an error is harmless by guessing which of these, or other, potential outcomes would most likely have occurred had the district court chosen other paths than the one it did.[5]

Atos may also be suggesting that the district court's error was harmless because, even if Paysys is permitted to withdraw its motion, Atos has already achieved so much success in this case that it will likely be named the "prevailing party" regardless of the outcome of the summary judgment motions. But we

---

[4] Paysys does not appear to contest that, in light of its contractual agreement, a fee-shifting condition might be appropriate, so long as it is given an opportunity to decide whether or not to accept it.

[5] We need not decide here whether some conditions may be so minimal that a plaintiff should not be entitled to an opportunity to withdraw, because that issue is not before us — even assuming *arguendo* that some such conditions may exist, accepting liability for hundreds of thousands of dollars of attorney's fees manifestly is not one of them.

cannot agree that that probability, however high, justifies a refusal to permit Paysys to litigate its remaining claim to a decision on the merits if it chooses to do so.

In sum, we conclude that the district court erred by denying Paysys an opportunity to withdraw its motion rather than comply with the court's proposed conditions. The matter is accordingly remanded so that Paysys may have a reasonable period of time in which to make that decision. Paysys also asks this Court to direct the district court to decide the extent of the attorney's fees it would have to pay before Paysys is required to decide whether or not to withdraw. In the absence of any binding authority requiring that the issues be decided in that order, we decline to force the district court to provide an advisory opinion entirely for Paysys's benefit. We express no view as to whether it would be within the court's discretion to do so if it chooses.

## CONCLUSION

For the reasons stated above, the judgment of the district court is vacated and the matter is remanded for further proceedings consistent with this opinion.