17-2192-cv
*Negron v. Bank of America Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> ALISON J. NATHAN,
> > *District Judge*.*

---

LARRY NEGRON,

> *Plaintiff-Appellant,*

> v.                                                      17-2192-cv

BANK OF AMERICA CORPORATION, BANK OF AMERICA MERRILL LYNCH, BANC OF AMERICA SECURITIES, LLC, NICK PINARLIGIL, JAMES HOLLOWAY, THOMAS HOLZ, BANK OF AMERICA, N.A.,

> *Defendants-Appellees,*

STEVE CURTIS, JEFF LOVVORN,

> *Defendants.*

---

* Judge Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiff-Appellant:                    IAN F. WALLACE, Law Offices of Ian F. Wallace PLLC, New York, NY.

For Defendants-Appellees:           ALICE A. KOKODIS, Littler Mendelson, P.C., Boston, MA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** for lack of jurisdiction.

Plaintiff-Appellant Larry Negron ("Negron") appeals from orders of the United States District Court for the Southern District of New York, dated June 16 and June 28, 2017, dismissing his federal employment discrimination claims with prejudice and his state and city claims without prejudice pursuant to an agreed-upon Federal Rule of Civil Procedure 41(a)(2) order, denying his motion to compel additional discovery, and declining to reconsider those decisions. *See* Order, No. 15-cv-8296 (DLC) (S.D.N.Y. June 16, 2017), ECF No. 110; Order, No. 15-cv-8296 (DLC) (S.D.N.Y. June 28, 2017), ECF No. 115. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Civil Procedure 41(a)(2) provides that, except under certain circumstances not applicable in this case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." 28 U.S.C. § 1291 mandates that appeals courts "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." In *Chappelle v. Beacon Communications Corp.*, this Court concluded that "an appeal from a dismissal of some of a plaintiff's claims when the balance of his claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action" is precluded. 84 F.3d 652, 654 (2d Cir. 1996). This follows from § 1291's final judgment rule, as "a dismissal without

2

prejudice does not preclude another action on the same claims, [so] a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Id.*

So too here. Although Negron's federal claims were dismissed *with* prejudice, his state and city claims were dismissed *without* prejudice to filing them again at some other time. And the conditions to his dismissal that Negron appeals—the continued applicability of the district court's discovery and statute of limitations rulings to his state and city claims—were entered pursuant to a *voluntary* dismissal without prejudice to which he acceded. As we said in *Paysys International, Inc. v. Atos IT Services. Ltd.*, "it is the *plaintiff*, rather than the court, who has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." 901 F.3d 105, 109 (2d Cir. 2018) (internal quotation marks omitted). To allow Negron to receive review of those conditions now would essentially allow him to secure an interlocutory appeal. *See Chappelle*, 84 F.3d 654; *cf. Atlanta Shipping Corp. v. Chem. Bank*, 81 F.3d 240, 246 (2d Cir. 1987) ("A party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling."). Thus, we find this case squarely controlled by *Chappelle* and conclude we lack jurisdiction to consider it.

We have considered Negron's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** his appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3