*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-PR-562

ANITA SEGRETI, APPELLANT,

v.

LUKE DEIULIIS, et al., APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(LIT-12-15)

(Hon. Alfred S. Irving, Jr., Trial Judge)

(Submitted September 15, 2021                    Decided November 18, 2021)

*John E. Reid* was on the brief for appellant.

*Antoinette Witt*, pro se.

Before EASTERLY and MCLEESE, *Associate Judges*, and FISHER, *Senior Judge.*

MCLEESE, *Associate Judge*:  Appellant Anita Segreti challenges the trial court's dismissal of her case.  We vacate the judgment and remand the case for further proceedings.

**I.**

Unless otherwise noted, the following facts appear to be undisputed. After Marguerite Corsetti's death, her daughters -- Ms. Segreti, appellee Antoinette Witt, and Marie Antoinette Arient -- became the beneficiaries of a trust established by Ms. Corsetti. The trust's only remaining asset is a house in Washington, DC. The trust has spent years in litigation with Ms. Segreti's son, Mario Segreti, who contested the validity of Ms. Corsetti's transfer of the house to the trust and asserted rights as a tenant of the house. As a result of that litigation, the house is subject to attorneys' liens of over $675,000.

Before Ms. Corsetti's death, Luke DeIuliis (Ms. Corsetti's brother) and Paul Arient (Ms. Corsetti's son-in-law) were appointed trustees of the trust. Mr. DeIuliis and Mr. Arient subsequently resigned as trustees. Since their resignations, Ms. Witt has been acting as a trustee. Ms. Segreti contests the validity of the resignations of the original trustees and Ms. Witt's claim to be a trustee.

In 2015, Ms. Segreti filed the complaint in this case, alleging that Mr. DeIuliis, Mr. Arient, and Ms. Witt breached their fiduciary duties and duties of loyalty by,

among other things, using trust assets to engage in extensive litigation against Mr. Segreti and allowing attorneys' liens on the trust property. The complaint also alleges that the trustees failed to provide annual accountings of trust assets and mismanaged trust assets.

The case proceeded until 2019, when Ms. Segreti filed a motion to voluntarily dismiss the case without prejudice, pursuant to Super. Ct. Civ. R. 41(a)(2); *see also* Super. Ct. Prob. R. 1(f) (making Superior Court Civil Rules generally applicable in Probate proceedings). In moving for dismissal, Ms. Segreti noted that the defendants had not filed any counterclaims. Although her motion requested that the case be dismissed, Ms. Segreti also sought substantive relief, asking the court to terminate the trust and distribute the house to the beneficiaries as equal tenants in common. In response, Ms. Witt stated that she did not oppose dismissal but did oppose the requested substantive relief. Mr. Arient also responded to Ms. Segreti's motion, requesting that all claims against him be dismissed with prejudice, that the trust be terminated, and that the trial court order the sale of the house and distribution of the proceeds to the beneficiaries.

In her reply, Ms. Segreti reiterated her request that the trial court distribute the house to her and her sisters as tenants in common. Diverging from the request in her initial motion, however, Ms. Segreti asked the trial court to dismiss her claims against the trustees *with* prejudice.

Ms. Witt then filed an additional reply, contending that she had been properly appointed as a trustee and explaining her efforts to sell the house. Ms. Witt stated that she expected to secure a contract to sell the house within two months. Ms. Witt asked the trial court to permit her to complete the sale of the house and distribute the proceeds according to the terms of the trust. Ms. Witt also asked that the trial court dismiss the case with prejudice.

The trial court granted Ms. Segreti's motion for voluntary dismissal "in part." Although the trial court noted that Ms. Segreti's reply asked that her claims against the trustees be dismissed with prejudice, the order did not explicitly state whether it was granting Ms. Segreti's motion for dismissal with prejudice or without prejudice. In addition to dismissing the case, the trial court ordered Ms. Witt to sell the house and distribute the proceeds of the sale equally among herself and her sisters.

Ms. Segreti moved for reconsideration, asking the trial court to dissolve the trust, delete the language in the order directing Ms. Witt to sell the house, and dismiss Ms. Segreti's claims without prejudice. Ms. Segreti argued that the terms of the trust did not permit the sale of the house and that Ms. Witt was not a valid trustee. Ms. Segreti also argued that the sale of the house would be prejudicial to her because the house was encumbered by significant attorneys' liens. Finally, Ms. Segreti argued that the trial court had acted impermissibly by granting Ms. Segreti's motion for voluntary dismissal but at the same time effectively making a substantive ruling in favor of the defendants.

Ms. Witt opposed Ms. Segreti's motion for reconsideration and notified the trial court that the house had been put under contract. Mr. Arient also filed a reply, contending that the dismissal had actually been with prejudice.

The trial court denied Ms. Segreti's motion for reconsideration. The trial court concluded that the terms of the trust did permit the sale of the house and that Ms. Witt was a validly appointed trustee. The trial court also indicated that the dismissal had been with prejudice.

Ms. Segreti then filed a motion seeking to withdraw her motion for voluntary dismissal. Although the motion acknowledged that Ms. Segreti's reply to Mr. Arient had referred to dismissal *with* prejudice, the motion characterized that request as a typographical error that occurred because Ms. Segreti had not been represented by an attorney when the reply was filed. In support of that explanation, the motion explained that neither Ms. Segreti's original motion nor the attached proposed order had requested dismissal with prejudice. The motion also suggested that any dismissal with prejudice should be limited to Mr. Arient. The motion further reiterated Ms. Segreti's position that the trial court had acted impermissibly by adding terms to its dismissal order that were unacceptable to Ms. Segreti and that operated to her detriment. The trial court denied the motion, declining to credit Ms. Segreti's explanation that the request for dismissal with prejudice was a typographical error.

## II.

Under Super. Ct. Civ. R. 41(a)(2), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." The central issue in this case is whether the trial court acted permissibly by granting Ms. Segreti's motion to dismiss but at the same time effectively granting affirmative

relief to the defendants, ordering Ms. Witt to sell the house and distribute the proceeds. We conclude that the trial court's dismissal order was impermissible, and we therefore vacate the judgment and remand for further proceedings.

"The purpose of the terms and conditions clause of Rule 41(a)(2) is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1211 (D.C. 2002) (brackets and internal quotation marks omitted). Thus, for example, a trial court might "condition the voluntary dismissal on the requirement that the plaintiff pay defendant's attorney's fees and costs in order to compensate the defendant for the unnecessary expense that the litigation has caused because the defendant may have to defend again at a later time and incur duplicative legal expenses." *Id.* at 1211 (internal quotation marks omitted). We review the terms imposed by the trial court for abuse of discretion. *Id.* at 1211 n.8. Because Super. Ct. Civ. R. 41 is "substantially identical" to the corresponding federal rule, we look to interpretations of the federal rule for guidance. *Id.* at 1210 n.6.

Ms. Segreti argues that the trial court's initial dismissal order was without prejudice and that the trial court erred in thereafter converting the dismissal to a

dismissal with prejudice against all defendants. We need not resolve that issue. Whether the order is viewed as a dismissal with prejudice or a dismissal without prejudice, we conclude that the order was erroneous in three respects.

First, the trial court could not both dismiss the case under Rule 41 and at the same time decide disputed substantive issues in the case, in effect granting affirmative relief to defendants who had never filed counterclaims. *See In re Calomiris*, 3 A.3d 308, 312 (D.C. 2010) ("[D]ismissal without prejudice renders the proceeding a nullity and leaves the parties as if the action had never been brought.") (internal quotation marks omitted); *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) ("[A] defendant's failure to formally plead a counter-claim prevents the court from granting affirmative relief on the basis of the defendant's argument.") .

Second, the dismissal order imposed terms that exceeded the trial court's authority under Rule 41(a)(2). As we have noted, the trial court has authority to impose terms, such as payment of fees and costs, to protect defendants from being unduly prejudiced by the granting of voluntary dismissal. *Thoubboron*, 809 A.2d at 1211; *see also*, *e.g.*, *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (trial

court has authority under R. 41(a)(2) to impose "curative conditions"). That authority, however, does not reasonably extend to the imposition of terms that resolve disputed claims on the merits and grant substantive relief to a party.

Third, it is "commonly accepted" in the federal courts that "the plaintiff has an option not to go forward with a Rule 41(a)(2) dismissal if the conditions specified by the court seem too onerous." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) (brackets and internal quotation marks omitted; citing cases and treatises). We endorse that approach. As the Second Circuit explained in *Paysys*, that approach follows logically from the fact that Rule 41(a)(2) applies to "voluntary" dismissals. *Id.* at 109. Thus, if the trial court is inclined to impose terms or conditions on a motion for voluntary dismissal, the plaintiff must be given "the choice between accepting the conditions and obtaining dismissal and, if [the plaintiff] feels that the conditions are too burdensome, withdrawing [the] dismissal motion and proceeding with the case on the merits." *Id.* (internal quotation marks omitted). The trial court in this case did not afford Ms. Segreti that option, instead imposing conditions on the dismissal and denying Ms. Segreti's subsequent motion to withdraw her dismissal motion.

For the foregoing reasons, we vacate the trial court's dismissal order. As we have explained, Ms. Segreti's various filings have led to some uncertainty about precisely what she seeks in two respects. First, there has been confusion about whether Ms. Segreti seeks dismissal without prejudice as to all defendants, dismissal with prejudice as to all defendants, or dismissal without prejudice except as to Mr. Arient. Second, Ms. Segreti's filings have sought both dismissal of her claims and the issuance of affirmative relief in her favor. As we have explained, however, a trial court cannot both dismiss a case under Rule 41(a)(2) and grant substantive relief in the case.

On remand, Ms. Segreti thus should clarify whether she in fact seeks dismissal of all of her claims, thereby foregoing any right to relief on the merits. If so, Ms. Segreti should also clarify whether she seeks dismissal with or without prejudice. If Ms. Segreti does in fact seek to dismiss her claims, the trial court should consider (a) whether to grant voluntary dismissal; (b) if so, whether to impose terms on the dismissal order; and (c) whether instead to deny voluntary dismissal and proceed to address the merits. If the trial court chooses to impose terms on a dismissal order, Ms. Segreti must be given the option of accepting the terms or withdrawing her motion for dismissal.

In sum, the judgment of the trial court is vacated and the case is remanded for further proceedings.

*So ordered.*