NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020[*]
Decided August 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1333

| | |
|---|---|
| JILL OTIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-C-0285 |
| | |
| KAYLA J. DEMARASSE, | William C. Griesbach, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Jill Otis appeals the denial of her motion to vacate the voluntary dismissal of her civil-rights lawsuit. She maintains that she never agreed to the terms of a mediated settlement that undergirded her decision to dismiss her suit. Because the district court appropriately denied her motion after holding an evidentiary hearing on the issue, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Otis sued police officer Kayla Demarasse for violating her constitutional rights during a 2014 traffic stop. Otis alleged that Demarasse stopped her on suspicion of driving while intoxicated but ignored her obvious need for medical care—she was feeling faint, and blood was running down her clothes and legs. The district court, construing Otis's allegations under the Fourteenth Amendment, dismissed the suit for failure to state a claim. But we vacated the dismissal, concluding that Otis's claim should have been governed by the Fourth Amendment (because she was arrested without a warrant), and Otis had adequately pleaded that Demarasse acted unreasonably in denying her medical care for an obviously serious condition. See *Otis v. Demarasse*, 886 F.3d 639, 645–46 (7th Cir. 2018).

On remand Otis participated in mediation through two attorneys whom she retained, John Mayer and Ryan Graff. Afterward, attorney Mayer informed the court by letter that the parties had reached a settlement agreement. The parties then filed a stipulation for dismissal of the case with prejudice, and the district court promptly entered an order dismissing the case.

Eight days later Otis wrote to the district court, asking that her case be reopened because she had not agreed to the settlement terms as understood by her attorneys. She had just received her settlement check, she said, and realized that her attorneys had deducted $17,000 in legal expenses on top of their contingent fee. In her view, she had conditioned her agreement on the exclusion of any deduction from the final settlement amount for medical expenses or attorneys' liens—a term that, she believed, covered legal expenses. She further alleged that someone at her attorneys' office had forged her signature on a release-and-indemnification agreement that Demarasse's insurer had submitted as a condition for final payment. The court treated Otis's request as a motion to vacate the dismissal and scheduled an evidentiary hearing to determine whether Otis had agreed to the settlement.

At the hearing the parties presented competing views about the terms of the agreement reached at mediation. Otis insisted that she had accepted the settlement only because the parties had agreed that legal costs (apart from the contingent fee) and medical expenses would not be deducted from the settlement amount. Attorney Graff disputed her account. He attested that, in line with his firm's general practice and under the contingent-fee agreement, the $17,000 in costs advanced by the firm was to be paid out of the settlement amount after attorneys' fees were deducted. Graff added that he

told Otis what approximate sum she could expect to receive after those deductions, that she consented to the settlement, and that she signed the mediation agreement.

The parties also addressed the matter of the signature on the release-and-indemnification agreement. Otis testified that her signature must have been forged by somebody at her attorneys' office. Graff countered that he had watched Otis at his office sign the agreement without objection.

The district court found that Otis had agreed to the settlement and denied her motion to vacate. The court credited Graff's account, finding his testimony "entirely consistent" with the contingent-fee agreement and the "way settlements are typically handled." Otis, whom the court characterized as "confused," gave testimony about costs that was inconsistent or contradicted by the terms of both the retainer and the settlement agreements. The court thus found that a settlement was "clearly reached," and that Otis simply had changed her mind about the settlement afterward.

On appeal Otis does not engage with the district court's rationale and instead reiterates that her attorneys' costs should not have been deducted from her settlement proceeds, and that her signature on the release-and-indemnification agreement was forged.

Demarasse, as a threshold matter, poses two challenges regarding our jurisdiction over this appeal. She asserts first that Otis's motion to vacate presents no case or controversy, since the motion concerns disputes with attorneys Graff and Mayer rather than her. And even if Otis did have a dispute with her, Demarasse asserts, it could be only over enforcement of the settlement agreement—a matter of state law. But these arguments are misguided. District courts retain jurisdiction under Federal Rule of Civil Procedure 41(a) to consider certain postjudgment motions, including a motion to vacate a previous judgment—"even one dismissing a case by stipulation of the parties" under a settlement. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir. 1985); see also *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (relying on *McCall-Bey* to support conclusion that district court had jurisdiction to consider petitioners' Rule 60(b) motion to reinstate complaint); and *Nat'l City Golf Finance v. Scott*, 899 F.3d 412, 417 (5th Cir. 2018) (concluding that district court retained jurisdiction to rule on petitioner's motion to vacate a voluntary dismissal following a settlement agreement).

     As for the merits, we conclude that the district court acted well within its discretion to deny the motion to vacate. Because Otis filed her motion within 28 days of the dismissal, we construe it under Federal Rule of Civil Procedure 59(e). See *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019). That rule authorizes relief when a decision rests on "a manifest error of fact or law," *A&C Constr. & Installation, Co. WLL v. Zurich American Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020), and only in the "exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Here, there was no such error. The district court reasonably found—based on its review of the relevant agreements and Graff's testimony, which it credited—that the parties clearly had reached a settlement and that Otis later had changed her mind about it.

     AFFIRMED