**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2435

JERMAINE A. HAMPTON,
    *Plaintiff-Appellant*,

*v.*

MARK RICHTER, et al.,
    *Defendants-Appellees*.

Appeal from the United States District
Court for the Eastern District of Wisconsin.

No. 19-cv-609

Nancy Joseph,
*Magistrate Judge*.

## O R D E R

Jermaine Hampton, a Wisconsin inmate, sued jail officials under 42 U.S.C. § 1983 for failing to protect him from another inmate's attack and denying medical care for his injuries. He filed three motions for the recruitment of counsel, all of which the district court denied. The defendants ultimately moved for summary judgment. After that, Hampton twice moved to extend discovery and, when the court denied his second

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

motion, he asked to dismiss his case without prejudice so he could refile it later with a lawyer's help. Instead, the court dismissed Hampton's case with prejudice. Because the court did not give Hampton an opportunity to withdraw his motion, we vacate and remand for further proceedings with respect to that order. Otherwise, we affirm.

While housed at the Dodge Correctional Institution in Waupun, Wisconsin (he is now at the Waupun Correctional Institution), Hampton was transferred to the Sheboygan County Detention Center to appear for a court hearing. At that jail, another inmate attacked Hampton, causing hand injuries and broken teeth and requiring treatment in a hospital. Hampton contends that, before the attack, he asked jail officials to place him in a different unit because his attacker had threatened to hurt him. He also says that, after he returned from the hospital, the officials refused to treat his injuries.

Based on these allegations, Hampton sued Sheboygan staff. He also asked the district court to recruit counsel, asserting that the issues were complex, that he lacked legal training, and that his hand injury limited his ability to write. The district judge denied his motion as "premature" because the defendants had not yet been served with the complaint. Later, during discovery, Hampton filed a second motion to recruit counsel, raising the same issues. The court—by then, the magistrate judge presiding by consent under 28 U.S.C. § 636(c)(1)—denied the motion, explaining that Hampton could litigate his case and participate in discovery pro se because the issues were straightforward and Hampton's filings had been coherent. The court assured Hampton that, if he struggled to meet a deadline, he could request an extension of time. Two months later, Hampton filed a third motion to recruit counsel. Recognizing this motion as "virtually identical" to the second, the court denied it for the "same reasons."

Discovery disputes began early. Hampton sought documents and answers which the defendants did not produce. He filed seven motions to compel, all of which the court denied. Two months after discovery closed, and one month after the defendants moved for summary judgment, Hampton asked to reopen discovery. He had missed the deadline, he explained, because his prison had gone into lockdown to prevent the spread of COVID-19. The court gave Hampton two more months to complete discovery but instructed him to limit his requests to the information necessary to respond to the summary-judgment motion. A few weeks later, Hampton moved for a second extension, asserting that the defendants had not produced the discovery he requested. The court denied the motion, finding that Hampton had ignored its order to limit his discovery requests and warning him that failure to respond to the summary-judgment motion "will result in dismissal of this case."

Four days later, Hampton moved to dismiss his case without prejudice so he could "file [his] claim at a later date." The court dismissed the case, but "*with* prejudice, because the defendants ha[d] expended a substantial amount of time and resources participating in hearings, conducting and responding to discovery, and filing dispositive motions." *See* FED. R. CIV. P. 41(a)(2). Hampton's deadline to respond to the summary-judgment motion arrived two weeks later.

On appeal, Hampton argues that the district court abused its discretion by dismissing his case with prejudice. He contends that the court ignored his explanation that he wished to refile later, with an attorney's help, because he was struggling to obtain discovery on his own.

We agree that the district court abused its discretion in dismissing Hampton's case with prejudice, but not because it was required to grant Hampton's motion outright; rather, it did not give him an opportunity to continue litigating. *See Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019); *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) ("When a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion."). After Hampton asked for a voluntary dismissal, the court dismissed his case and entered a final judgment on the merits. That error was not harmless. First, Hampton never suggested that he would not continue litigating if the court denied his motion to voluntarily dismiss, and he had time left to respond to the summary-judgment motion. Indeed, his desire to continue litigating was the express premise of his motion. Second, had the court dismissed Hampton's case *without* prejudice, refiling was an option until December 22, 2021. He was attacked and allegedly denied treatment—i.e., his claim accrued, *see Devbrow v. Kalu*, 705 F.3d 765, 767–69 (7th Cir. 2013)—on December 22, 2015. *See* WIS. STAT. § 893.53 (2015) (six-year limitations period for § 1983 claims);[†] *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007) (federal courts borrow state statute-of-limitations law). The court did not have to dismiss without prejudice, but Hampton's request was not frivolous.

---

[†] In 2018, Wisconsin amended the relevant limitations period from six years to three years. *See* WIS. STAT. § 893.53. But that amendment was not retroactive, and so the six-year limitations period in effect when Hampton's claim accrued is applicable to his suit. *See Gutter v. Seamandel*, 308 N.W.2d 403, 411 (Wis. 1981) (explaining that, without express language or legislative intent for retroactive effect, substantive statute-of-limitation amendments apply only prospectively).

Hampton also argues that the district court abused its discretion in denying each of his motions to recruit counsel. He maintains that the court did not afford enough weight to the factual complexity of his claims and his lack of legal training. The court, he says, also overlooked his limitations in pursuing discovery from a prison that was on lockdown when discovery closed.

We do not discount these difficulties, but the district court reasonably denied Hampton's motions. When presented with such a motion, a district court must consider whether the litigant made reasonable attempts to find a lawyer and whether, given the difficulty of his case, he appears competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). Here, the court applied the *Pruitt* factors to Hampton's motions. In denying the first, the court reasonably explained that the case was still in its infancy, and so it could not yet gauge Hampton's need for counsel. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). In denying the second and third motions, the court properly considered the requests relative to the complexity of the stage of his case, *see Walker v. Price*, 900 F.3d 933, 938–39 (7th Cir. 2018), and assured Hampton that he could request an extension to complete discovery. The record therefore supports the reasonableness of the district court's rulings. Our decision, however, does not restrict Hampton from renewing his request for counsel on remand.

We therefore VACATE the dismissal with prejudice and REMAND for further proceedings. We AFFIRM with respect to the denial of the motions to recruit counsel.